EVA SHIELDS, Respondent, *v.* VAN KELTON AMUSEMENT CORPORATION, Appellant.

**Negligence — contributory negligence — when person injured by fall while skating on public skating rink cannot recover for injuries sustained.**

Where plaintiff, an experienced skater, who was skating upon an open air skating rink on a warm day, could see that the ice was melted in spots from which skaters were excluded by benches placed for that purpose, but continued skating, meanwhile observing that the ice was growing softer, until one of her skates was caught in a soft spot whereby she was thrown down, sustaining injuries for which this action is brought, she cannot recover. Although defendant was obligated to use reasonable care for the protection of skaters, there is no evidence to show that it did not. Even if it could be held that defendant was negligent, plaintiff was equally so.

*Shields* v. *Van Kelton Amusement Corp.*, 186 App. Div. 946, reversed.

(Argued March 19, 1920; decided April 13, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 31, 1918, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Walter L. Glenney* and *Bertrand L. Pettigrew* for appellant. No negligence was shown on the part of the defendant. (*Stelter* v. *Cordes*, 146 App. Div. 300; *Lusk* v. *Peck*, 132 App. Div. 426; *McKeon* v. *P. & G. Mfg. Co.*, 154 App. Div. 740; *Kline* v. *Abraham*, 178 N. Y. 377.)

*Abraham Rickman* for respondent. The defendant was negligent in omitting to observe the duty imposed upon it by law. (*Lusk* v. *Peck*, 133 App. Div. 426; 199 N. Y. 546; *Dinnihan* v. *L. O. B. Co.*, 8 App. Div. 509; *Turlington* v. *Tampa El. Co.*, 56 So. Rep. 69.) The

plaintiff was free from contributory negligence and it was for the jury to say as a matter of fact whether she exercised due care. (*Lusk* v. *Peck,* 132 App. Div. 426; 199 N. Y. 546; *Lee* v. *Ingraham,* 106 App. Div. 167.)

McLAUGHLIN, J. The defendant, on the 6th of February, 1917, had an open air skating rink, to which the public generally was admitted on paying an admission fee. On the day named, at about two-thirty o'clock in the afternoon, the plaintiff, with a friend, entered the rink for the purpose of skating. It was a warm day and the sun had melted the ice so that it was soft in spots and benches had been placed to exclude skaters from such portion of the ice. The plaintiff was an experienced skater. She observed the condition of the ice, but notwithstanding commenced and continued skating upwards of half an hour, when the benches were again moved to exclude skaters from a further portion of the ice. She continued skating for something like half an hour longer, observing in the meantime that the ice was growing softer, when one of her skates was caught in one of these spots and she was thrown down, sustaining personal injuries. She then brought this action to recover the damages sustained, on the alleged ground that the defendant was responsible therefor. She had a verdict on which judgment was entered and an appeal taken to the Appellate Division, where the same was affirmed, two of the justices dissenting, and the defendant appeals to this court.

The defendant, having invited the public to go upon the ice, was obligated to use reasonable care for its protection. The record fails to disclose that it did not exercise this care; on the contrary, what little evidence there is bearing on that subject shows that reasonable care was exercised.

The plaintiff knew the condition of the ice. It was a small rink and she had many times been over or very close

to the spot where she fell. She also knew that the ice was growing softer during the time she had been skating. She saw the precautions taken by the defendant. Notwithstanding, she continued skating and if it could be held that the defendant was negligent, the same evidence establishes that the plaintiff herself was equally so.

On both grounds, therefore, I am of the opinion the judgment should be reversed and the complaint dismissed, with cost in all courts.

HÍSCOCK, Ch. J., COLLIN and ANDREWS, JJ., concur; HOGAN, POUND and ELKUS, JJ., dissent.

Judgment reversed, etc.