Hazel G. Welo, Appellant, *v.* The Union News Company, Respondent.

First Department, February 13, 1942.

*Samuel Beinhart* of counsel [*Sol L. Firstenberg* with him on the brief; *Jacob Bromberg,* attorney], for the appellant.

*Edward M. Fuller* of counsel [*Charles H. Lane* with him on the brief; *Edward M. Fuller,* attorney], for the respondent.

CALLAHAN, J.  Plaintiff, an inexperienced skater, was injured on an iceskating rink operated by defendant.  The public were invited to pay admission to the rink, defendant providing instructors for those desiring same.  While plaintiff's complaint alleged negligence in that the instructor assigned to her left her unattended, her bill of particulars added a claim that the rink was constructed in a dangerous fashion.

Plaintiff's testimony on the trial was that she was skating alone after the completion of her lesson, when she became frightened by reason of the existence of ridges in the ice, that she attempted to reach a handrail erected alongside the rink for support, but that one of her skates struck a wooden ledge, about six inches high and twenty-one inches wide, which was erected between the edge of the skating surface and the handrail, causing her to fall and break her leg. It was conceded by defendant that one of the purposes of the handrail was to give support to skaters when occasion required it.

Plaintiff produced a witness who claimed to be expert in the customary methods of constructing public skating rinks. He testified that the handrailing, if properly erected, should have been placed at the edge of the ice, and that the presence of the intervening ledge constituted a dangerous obstruction.

At the end of the whole case the trial justice directed a verdict for the defendant, stating that he did so pursuant to the provisions of section 457-a of the Civil Practice Act, for the reason that he would be required to set aside any verdict for plaintiff as against the weight of the evidence. The trial court also stated that, as a matter of law, plaintiff had been guilty of contributory negligence in that she knew, or should have known, of the ridged condition of the ice, having skated over or near it many times. The court asserted that it was plaintiff's claim that the ridges had caused her to fall.

We think that the trial court misconceived plaintiff's claim and fell into error by reason of that misconception. The plaintiff did not assert that the ridges had caused her to fall, but that their presence had caused her to seek the support of the handrail, and that she was caused to fall when her skate struck the ledge while she was reaching for the rail. She complained of the presence of the ledge between the skating surface and the rail, as a dangerous condition.

While plaintiff would possibly have assumed the risk of injury from falling on minor imperfections in the ice, especially when their presence was known to her (*Shields* v. *Van Kelton Amusement Corp.*, 228 N. Y. 396), she did not assume the risk incidental to a dangerous structural condition in a place where she was an invitee. (*Renegar* v. *Barry*, 279 N. Y. 605.)

While there was some inconsistency between plaintiff's claim as originally asserted in her complaint, and her proof, and some possible contradictions in her testimony, considering the whole record we find there were issues of fact which the jury should have been permitted to pass upon. Section 457-a was not applicable under the circumstances.

The judgment should be reversed, with costs of this appeal to the appellant, and a new trial ordered.

O'MALLEY, TOWNLEY and COHN, JJ., concur; MARTIN, P. J., dissents and votes to affirm. (See *DeSalvo* v. *Stanley-Mark-Strand Corp.*, 281 N. Y. 333.)

Judgment reversed, with costs of appeal to the appellant, and a new trial ordered.