Hill, P. J.
(dissenting). Respondent has recovered a judgment for damages resulting from alleged negligence against the landlord of the premises in which she is a tenant. The garage on the premises is seventeen feet easterly from the house. She describes it: “ The garage was in very bad condition at that time. There were nails, rusty nails sticking out and the siding all over looked *1077 like it was half torn off, and around the window there is heavy galvanized screening that covered the window and there weren’t any boards or anything around it, just sticking protrudingly out there in all directions. * • * It has been that way ever since I lived there.”
On the day she was injured her brother’s car was parked, as she testified “ around three or four, maybe four and a half feet ” northerly from the garage. There was a beaten path from the house easterly alongside the garage npon or adjacent to which the car was parked. She testified that on April 23, 1946, as she was going to the car “ my hand caught in the wire that was protruding out there, and it punctured my hand.”
Concerning her own knowledge of the condition and the information which she gave the appellant, she testified:
“ Q. Now, did you ever tell Sarah B. Campion, the defendant in this action, of the condition of this back yard-and the condition of this wire? A. Tes, sir, I did, in January, the first part of January, when she came after the rent.
“ Q. What did you tell her? A. I asked her if she would fix it. I told her there was nails sticking out there and told her about the wire protruding from the window and I told her the children might run through there and might get hurt. That was what I was fifraid of.
“ Q. What did she say, if anything? A. She said she wouldn’t fix it, because she wanted to sell the house, and wasn’t going to put any more money into it.”
Assuming that appellant was negligent in permitting the side of the building to remain in the condition described by respondent so that persons might be injured by the protruding material, respondent in passing the building with full knowledge of the condition and with room to avoid .injury was also negligent in coming in contact therewith. (Shields v. Van Kelton Amusement Corp., 228 N. Y. 396.) The protruding nails, siding and wire were not concealed and did not unreasoxably expose respondent to danger, as there was sufficient room to pass in safety. A finding by the jury that she was free from contributory negligence was against the weight of evidence. (Powers v. Montgomery Ward & Co., 276 N. Y. 600.)
A lessor of land is not liable for bodily harm to his lessee resulting from a dangerous condition which existed when the lessee took possession (Restatement, Torts, § 356) unless the lessor has agreed to make repairs (§ 357). A lessor is not liable to a lessee for a condition of which the latter had knowledge at the time the occupancy began (§ 358).
Respondent’s contributory negligence precludes her recovery. (Lanigan v. New York Gas-Light Company, 71 N. Y. 29; Holland v. Turner, 232 N. Y. 518; Conroy v. Saratoga Springs Authority, 259 App. Div. 365, affd. 284 N. Y. 723; Griffin v. State of New York, 250 App. Div. 244.)
The judgment should be reversed on the law and facts and the complaint dismissed.
Heffernan, Brewster, Foster and Russell, JJ., concur in memorandum by the court; Hill, P. J., dissents in an opinion.
Judgment and order affirmed, with costs.