RALPH COHEN, Appellant, *v.* UNION NEWS COMPANY, Respondent.

Argued April 12, 1954; decided May 20, 1954.

*Benjamin H. Siff* and *Saul G. Wlodaver* for appellant.
*Bernard Meyerson* and *Richards W. Hannah* for respondent.

Judgment affirmed, with costs.

Concur: LEWIS, Ch. J., DESMOND, DYE, FULD and VAN VOORHIS, JJ.; CONWAY, J., dissents in the following opinion in which FROESSEL, J., concurs.

CONWAY, J. (dissenting). We are unable to agree for affirmance. This case is not one of the class of cases where a defective condition is complained of which requires notice to the defendant, actual or constructive, in order to impose liability upon the defendant who has failed in his duty of proper maintenance. It seems quite clear to us that if the Union News Company in the conduct of its business prepared a place for ice skating by (a) planing the surface of the ice so as to remove roughness and holes and to make it smooth, (b) by then flooding it with water preparatory to freezing it and (c) freezing the water so as to make it ready for the public, and then (d) inviting and making it available for the public to enter upon it, it was required to act as a reasonably prudent person would act in preparing a place for business visitors. If the Union News Company, after such preparation, threw the ice skating rink open

to the public thus representing that the ice rink was ready and safe for use at a time when there was a quarter of an inch of water which had not frozen on top of the ice, that was not the act of a reasonably prudent person under the circumstances, and a jury might so find. Where, as here, it is claimed that the proximate cause of the accident was the breach of an affirmative duty in creating the condition, then the Union News Company may not say that it did not know what the danger was unless and until either (1) someone came and reported it or (2) the condition of danger continued so long that it was affected with constructive notice. Union News had created the condition of danger and the plaintiff, an experienced skater, was leaving the ice when his skate went into a groove or hole in the ice made by a skater under conditions which a jury might well find Union News Company was required to foresee since ice with unfrozen water on top of it would naturally tend to become soft and vulnerable to sharp ice skates and, in addition, the jury might further find that the ice was not planed or prepared in the proper manner. This is a case where there can be no question but that Union News Company, for profit, invited paying visitors to skate in a rink, the ice for which had been created and maintained by Union News in a manner which a jury could find to be negligent and dangerous. There can be no question here, in our judgment, about the fact that the plaintiff made out a prima facie case.