■ JOHN NUCCI, Respondent, v. WARSHAW CONSTRUCTION CORPORATION et al., Appellants.— In an action by an employee of the New York City Transit Authority against the defendant contractors, to recover damages for personal injuries sustained by reason of their alleged negligent maintenance of an excavation in a subway under construction, the defendants appeal from a judgment of the Supreme Court, Queens County, entered April 5, 1960, in favor of plaintiff, after a jury trial. Plaintiff is a construction inspector employed in the Track Division of the Transit Authority. At the time of the accident and for several months prior thereto he was assigned to inspect the tracks which were being laid in connection with the construction of a new line of the Independent Subway in and about the Howard Beach Station in Queens County. His duties required him to see that the tracks were laid in accordance with the plans and specifications of the contract covering said work. Just north of the proposed Howard Beach Station defendants had built a circuit breaker house from which to distribute locally the power coming from the powerhouse. As an incident, an excavation was built running east and west across the entire right of way and just north of the circuit breaker house. Ducts to supply power to the third rail were to be placed in such excavation. At 9:30 A.M. on the day of the accident, on order from the project engineer, plaintiff, together with his superior, set out from the new Aqueduct Station southerly to the Howard Beach Station, to inspect line, grade and track work. To get to the station there was no other way than over this excavation. About a week or two prior to the accident plaintiff had seen this excavation planked over in part, but two or three days before the accident he observed that no longer was there any planking. As he attempted to step across the trench the shoulder of the excavation on the south side gave way, and he fell into the trench and broke his leg. The trench was 45 feet long, 3 feet wide and 3 feet deep. Judgment reversed on the law and the facts, with costs, and complaint dismissed. On this record there is no basis for predicating a finding of actionable negligence on the part of defendants. The common-law standard of reasonable care is that "The risk reasonably to be perceived defines the duty to be obeyed" (*Palsgraf* v. *Long Is. R. R. Co.*, 248 N. Y. 339, 344). The test is the reasonable foreseeability of the risk; "reasonable foresight is required but not prophetic vision" (*Cartee* v. *Saks Fifth Ave.*, 277 App. Div. 606, 609–610, affd. 303 N. Y. 832). In any event, under the circumstances as developed at the trial, plaintiff must be held to have assumed the risk and to have been guilty of contributory negligence as a matter of law. In other words, even if it could be held that defendants were negligent, the same evidence establishes that plaintiff himself was equally so (*Shields* v. *Van Kelton Amuse-*

*ment Corp.*, 228 N. Y. 396). "One may not place himself in a position of danger created by the negligence of another and seek to recover damages when that danger results in harm" (*Townes* v. *Park Motor Sales*, 7 A D 2d 109, 113, affd. 7 N Y 2d 767). Nolan, P. J., Ughetta, Christ and Brennan, JJ., concur; Pette, J., dissents and votes to affirm the judgment on the ground that under all the circumstances issues of fact as to defendants' negligence and plaintiff's contributory negligence were presented for determination by the jury.