Froessel, J.
In this personal injury action, the trial court, sitting without a jury, awarded plaintiff, in his 70th year at the time of the accident, the sum of $98,482.20 for what was essentially a fracture of the right arm, resulting in limitation of motion, and some lesser injuries. The Appellate Division modified the judgment by reducing the damages to $70,000.
Plaintiff had been a structural ironworker for over 33 years, For 16 years he had worked for a firm which erected and dismantled hoist towers. He was accustomed to climbing down the outer framework of these hoists, as indeed he did on the day of this occurrence. He was 5 feet 7% inches tall, his shoulders were 1% feet wide, and he weighed 167 pounds.
On the day of the accident, he endeavored to enter the building in question, alongside which the hoist had beeen erected, from a plank, 8 stories above the street, headfirst, through an 18-inch-square window pane opening. He knew the window frame had just been placed in position temporarily, and that it was the duty of his employer to cement it in place. He partially succeeded in getting his body through the small opening, when the window frame, weighing between 70 and 80 pounds, fell upon him causing the injuries complained of.
In our opinion, plaintiff was guilty of contributory negligence as a matter of law. He was not, as the trial court stated, placed “in a position where he had to choose between two possible risks ”, nor was he “ suddenly in a position of peril ”. He must have foreseen that because of his size he would encounter difficulty and risk if he attempted to squeeze through the small 18-inch-square opening. With his long years of experience, there was virtually no risk to plaintiff in entering the building by climbing down the hoist tower to the sixth floor where no window frame had yet been installed. Indeed, he conceded he might have done so had he “ wanted to ”. On the other hand, his attempt to enter through the small window pane opening was a foolhardy, risky act. Moreover, he could also have requested that the frame, temporarily installed, be removed so that he might enter the building at the eighth floor, or he could have called down to the crew member assisting him on the ground floor in his work of dismantling the hoist. Given the various alternatives from which to choose, he may not claim that his failure of judgment may be excused because he was forced to act to escape immediate danger (Jackson v. Greene, 201 N. Y. 76, 79; O’Connor v. *571 1751 Broadway, 1 A D 2d 836, 837, affd. 2 N Y 2d 769; Utica Mut. Ins. Co. v. Amsterdam Color Works, 284 App. Div. 376, 379, affd. 308 N. Y. 816).
The judgment appealed from should be reversed, and the complaint dismissed, without costs.
Judges Fuld, Van Voorhis, Burke and Foster concur with Judge Froessel; Chief Judge Desmond and Judge Dye dissent and vote to affirm.
Judgment reversed, etc.