Bueke, J.
This case was tried upon the theory of negligence. The principal question is whether the trial court erred in submitting the case to the jury.
We are persuaded that it was error to deny the motion to dismiss the complaint as the evidence fails to establish actionable negligence and in fact shows that plaintiff was negligent.
Plaintiff is a construction inspector employed in the track division of the New York City Transit Authority. His duties required him to inspect newly laid tracks and, on December 20, 1955, he was engaged in such an inspection with his partner, Lough. At one point the tracks crossed a trench dug by defendants, who had been engaged by the Transit Authority to do certain construction work. Lough stepped over the trench without incident but, as plaintiff attempted to step across, the earth on the far side gave way under pressure of plaintiff’s step, causing him to fall and sustain the injury for which he now seeks to recover against defendant. The Appellate Division has reversed a jury verdict for plaintiff and dismissed the complaint.
The negligence complained of is the failure of defendants to shore up.the.sides of the trench and the burden is on plaintiff to establish such a duty on the part of defendants. The trench, dug for the purpose of laying ducts, was 30 to 45 feet long and, taking the evidence most favorable to plaintiff, between 3 and 4 feet wide and 3 feet deep, and could be crossed by taking “ an exaggerated, more than the normal step.” The Appellate Division was correct in holding that there was no basis for a finding of actionable negligence on the part of defendants. To contend that a reasonable precaution against this sort of accident should entail the shoring up of a trench of the depth and width of that involved here would amount to a declaration that one performs every voluntary act at his peril and must insure others against any harmful consequence traceable thereto.
If any negligence was proved below, it was that of plaintiff in essaying to place his foot too close to the edge when he stepped over the trench. Putting aside the extraordinary precaution plaintiff would have defendants take, and focusing on the danger itself, plaintiff’s own evidence demonstrates that any “ risk to be perceived ” was as perceptible to plaintiff as to defendants and must color the acts of the former as well as the latter. *19 In the analogous case of Shields v. Van Kelton Amusement Corp. (228 N. Y. 396), the plaintiff, an experienced skater, was injured in defendant’s skating rink when she tripped on a soft spot in the ice caused by the heat of the sun. She contended that defendant was negligent in allowing its patrons to continue skating in view of the effect the sun was having on the ice. The court’s reasoning is apropos here: ‘1 Plaintiff knew the condition of the ice. It was a small rink and she had many times been over or very close to the spot where she fell. She also knew that the ice was growing softer during the time she had been skating. She saw the precautions taken by the defendant. Notwithstanding, she continued skating and if it could be held that the defendant was negligent, the same evidence establishes that the plaintiff herself was equally so ” (pp. 397-398; emphasis added). Plaintiff here was familiar with the trench and any danger posed by it to one crossing, having himself stepped over it a few days previously. The fact that the plaintiff here was engaged in the duties of his employment while the plaintiff in Shields was engaged in recreation does not present a distinction material to the rationale of that case. It is not the status of the plaintiff that matters, but rather the equality of opportunity afforded to both parties to observe the risk presented and guide their actions accordingly. If defendant ought to have foreseen an accident of this kind and taken some precaution to provide foolproof passage, then so ought plaintiff to have proceeded in a manner calculated to avoid the danger, such as stepping into the trench and up again on the far side (in his bill of particulars plaintiff states the trench to be 3 feet deep). The doctrine of the Shields case {supra) is eminently fair and applies in its full force to the facts of this case. In the face of a cautious alternative, plaintiff chose to walk with his eyes open (both figuratively and literally) into a condition which he contends defendants ought to have foreseen would cause injury, and has thus impaled himself on the horns of a dilemma, both of which dictate a dismissal of the complaint. (Utica Mut. Ins. Co. v. Amsterdam Color Works, 284 App. Div. 376, affd. 308 N. Y. 816; Townes v. Park Motor Sales, 7 A D 2d 109.) In Townes, even the dissenting Justices recognized that the Shields rule would bar recovery if the plaintiff had time to make a deliberate choice and were not acting impulsively in an emergency.
*20 '.We cannot accept plaintiff’s position that defendants’ undertaking with the Transit Authority to provide shoring -for excavations made in its construction work presented a question of-fact bearing on defendants’ negligence. The interpretation of. written contracts ordinarily presents a question of law for the court. (New Era Homes Corp. v. Forster, 299 N. Y. 303; Martocci v. Greater N. Y. Brewery, 301 N. Y. 57.) We have no hesitation in holding that the agreement that “ The sides of the excavation shall be maintained and secured by suitable sheet piling or sheeting, held in place by braces, shores or waling timbers ” referred to larger excavations that could present some danger of collapse from lateral pressure or otherwise.
Further, the failure of the defendants to except to the Trial Judge’s charge on the law presents no difficulty here since the case should have been dismissed on defendants’ motion made at the end of plaintiff’s case and renewed at the close of all the evidence.
The judgment of the Appellate Division should be affirmed.