■ JULIUS POLITZER, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 36744.) — Appeal from a judgment entered on decision rendered after trial in the Court of Claims. Claimant fell while skating on ice in a rink maintained by the State at Bear Mountain State Park. He ascribed his fall to the soft condition of the ice and has had a judgment in the Court of Claims. He described the accident in this way: "suddenly I got stuck with my right skate and fell". He testified: "It was a sudden stopping. I must say the ice was not in a perfect condition.  *  *  *  As an experienced skater I can only say it was softer than I was used to skate on ice." The proof is that on the day of the accident, March 29, 1959, there was rapidly rising temperature and that this and the sunshine softened portions of the artificially maintained ice. Barriers were put up in some places and the claimant testified that he "noticed a certain softness of the ice" his first and second times around the rink and " all the time I was skating". He added that it was " Softer than normal. It was not hard enough." On this record claimant has not established the negligence of the State nor his own freedom from contributory negligence. The burden of showing that the State was required at the risk of liability of either anticipating the rapidly rising temperature and so adjusting the freezing apparatus early enough in the day to be effective, or of closing the rink because of the melting shown here, has not been met. Moreover, the softness of the ice, on the basis of which claimant charges the State with negligence, was seen by him both at the places where barriers were up, and elsewhere as he skated on the rink. He took the risk of the apparent conditions existing in the sport in which he engaged. (*Shields* v. *Van Kelton Amusement Corp.*, 228 N. Y. 396; see, also, *Nucci* v. *Warshaw Constr. Corp.*, 12 N Y 2d 16; *Schumm* v. *State of New York*, 12 A D 2d

682.)  Judgment reversed on the law and the facts and claim dismissed, without costs.  Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.