Edwin Avery, Respondent, *v.* Order of St. Basil the Great, Appellant.

Third Department, May 31, 1967.

*Coughlin, Dermody, Ingalls & Guy (William F. McNulty* of counsel), for appellant.

*Shaw, Esworthy, O'Brien & Crowley (Maurice P. O'Brien* of counsel), for respondent.

Herlihy, J. P. The issue of negligence concerns the responsibilities of the various parties when bowling alleys are in the process of being resurfaced.

The plaintiff, experienced in such work, was employed by Howard Transue, whose business was to "resurface and refinish and repair bowling alleys" and who entered into an oral contract to work on the alleys of the defendant as he had done for some years. It should be further noted at this point that the plaintiff had worked on these alleys on other occasions.

The accident happened on Monday, May 22, 1961 at about 10:30 in the morning. The plaintiff had been working on the premises since the previous Wednesday and at the time of the occurrence was completing the sanding process before beginning to apply lacquer. He was using a floor sander, attached to which was a water tank.

It is conceded by all parties that the type of work caused a highly inflammable condition and the plaintiff had two fire extinguishers within easy reach.

The Holy Name Society of the defendant operated the alleys. Its president stated that the alleys had been closed for a month and that he had turned over the keys to the entrance to the alleys to Transue, the contractor. The plaintiff stated that the keys had been given to him and that he had locked the doors and that all of the windows were closed.

The plaintiff, the only witness to the occurrence, contended that some of the dust from the sanding process was ignited due to a gas space heater attached to a pole between the alleys and of which the plaintiff had knowledge. The space heater was gas operated by means of a pilot light and inasmuch as it was "foggy and quite cool", the space heater was in operation as testified to by the contractor — plaintiff's employer — who was at the alleys within the hour before the occurrence. The plaintiff admitted that he saw the heater but denied knowledge as to whether or not it was activated.

The plaintiff complains that the defendant was negligent in failing to turn off the pilot light so as to prevent the activation of the open gas heater. The defendant counters that it was not its negligence which caused the event but rather it was caused solely by the method of operation of the plaintiff.

Assuming, but not conceding, that a minimum of evidence of negligence was present at the close of the plaintiff's case, the motion to dismiss should have been granted at the close of the testimony or, in the alternative, the verdict of the jury should have been set aside and the complaint dismissed.

The only possible salvation of the plaintiff's case would have to rest upon the testimony of a self-styled expert whose testimony at various stages reached the point of being incredible and a fair analysis of his expertise was that as between a church bowling operation and a contractor, such as plaintiff's employer, he was not familiar with what would be the respective responsibilities of the parties.

The defendant produced many witnesses, some of whom were engaged in the work of refinishing bowling alleys, and who testified that they did not turn off heaters during sanding operations. The contractor Transue testified that he and the plaintiff had been out for a coffee break about 10:00 A. M. on the day of the accident and to the best of his recollection, when he was at the alleys he knew that the space heater was on.

The record at the trial does not establish by a fair preponderance of the evidence that the duty, if one, to nonactivate the

gas heater was that of the defendant, but that the plaintiff or his employer who had the keys to the entrance of the alley was solely responsible for seeing that the work was performed in a safe and cautious manner. As to the issue of negligence, the testimony as to the contractual arrangements between the plaintiff's employer and the defendant does not establish a predicate for the finding of negligence.

But if by some vagary, negligence can be attributed to the defendant, then what rarely happens in negligence cases permeates this present record in that the plaintiff was guilty of contributory negligence as a matter of law, based upon his experience, his knowledge, his control over the premises and the manner and method of his operation.

Several decisions are illustrations of the general legal principles involved in the present action.

In *Shields* v. *Van Kelton Amusement Corp.* (228 N. Y. 396) the plaintiff, an experienced skater, was injured while skating on soft ice. The court stated that even if it could be held that the defendant was negligent, plaintiff was equally so. (See, also, *Politzer* v. *State of New York,* 19 A D 2d 936; *Shaver* v. *Town of Rotterdam,* 22 A D 2d 834.)

In *Nucci* v. *Warshaw Constr. Corp.* (12 N Y 2d 16, 18, 19) the court stated: '' Plaintiff's own evidence demonstrates that any ' risk to be perceived ' was as perceptible to plaintiff as to the defendants and must color the acts of the former as well as the latter * * *. It is not the status of the plaintiff that matters, but rather the equality of opportunity afforded to both parties to observe the risk presented and guide their actions accordingly. *If defendant ought to have foreseen an accident of this kind and taken some precaution ... then so ought plaintiff to have proceeded in a manner calculated to avoid the danger* ''. (Emphasis supplied.)

Citing the applicability of the *Shields'* doctrine the court continued: '' In the face of a cautious alternative, plaintiff chose to walk with his eyes open * * * into a condition which he contends *defendants* ought to have foreseen would cause injury * * * [this warrants] a dismissal of the complaint ''. (Emphasis original.) (See also, *Holgerson* v. *South 45th St. Garage,* 12 N Y 2d 1011.)

For acts of knowledgeable employees, strikingly similar to the present facts, which constitute contributory negligence as a matter of law (see *Utica Mut. Ins. Co.* v. *Amsterdam Color Works,* 284 App. Div. 376, affd. 308 N. Y. 816; *Borowicz* v. *Chicago Mastic Co.,* 367 F. 2d 751).

The judgment should be reversed, on the law and the facts, and complaint dismissed.

REYNOLDS, AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Judgment reversed, on the law and the facts, and complaint dismissed, with costs.