■ RAYMOND LE BEL et al., Respondents, v AIRLINES LIMOUSINE SERVICE, INC., et al., Respondents; LITE TRANSPORT, INC., et al., Appellants, and GIL-FLEX RENTAL, A DIVISION OF FLEXI-VAN LEASING, INC., Appellant-Respondent, et al., Defendants. — Appeal (1) from a judgment of the Supreme Court in

---

favor of plaintiffs against defendants Lite Transport, Inc., and Robert Vannah, entered March 26, 1982 in Saratoga County, upon a verdict rendered at Trial Term (Ford, J.); (2) from a judgment of said court in favor of defendant Gil-Flex Rental, a division of Flexi-Van Leasing, Inc., over and against defendants Lite Transport, Inc., and Robert Vannah, entered March 31, 1982 in Saratoga County; (3) from an order of said court, entered July 13, 1982 in Saratoga County, resettling the judgment granted in favor of defendant Gil-Flex Rental over and against defendants Lite Transport, Inc., and Robert Vannah, and (4) from a judgment of said court, entered March 26, 1982 in Saratoga County, in favor of plaintiffs and against defendant Gil-Flex Rental. At about midday on April 6, 1981, defendant Robert Vannah was driving an empty tractor trailer westbound on the New York State Thruway en route to Buffalo during a heavy and worsening snowstorm. At a point west of Syracuse, the rig was struck by a severe gust of wind, causing Vannah to lose control. The vehicle jackknifed, turned, and came to rest with its cab portion in the center median and the trailer spanning the westbound passing lane. Shortly thereafter, a car driven by Patricia Carlson, with her husband and son as passengers, came upon the disabled tractor trailer. The Carlson vehicle was one of a group from the capital district area carrying youngsters who were to participate in a hockey tournament in Rochester later that day. Mrs. Carlson saw the tractor trailer when she was approximately 150 feet away, and in maneuvering her vehicle to avoid striking it, she skidded off the road to the right and into a ditch. The Carlsons flagged down three other automobiles that were following them on their way to the tournament, including that of plaintiffs Le Bel. After discussing the situation, it was decided that the Carlsons' son would travel the remainder of the trip with the Le Bels while his parents stayed with their car. Plaintiff Raymond Le Bel then went to the rear of the Carlson vehicle in order to move the youngster's hockey gear. Unfortunately, it was precisely at that point that an airport limousine driven by defendant Charles Wright approached the tractor trailer. Upon noticing its position from a distance of about 50 feet, Wright applied his brakes, skidded to the right and followed the path of the Carlson vehicle to the point of collision. Le Bel's right leg was caught and severely crushed between the two cars. He and his wife subsequently brought the instant action against the owner, lessee and operator of the tractor trailer and the owner and operator of the airport limousine. They recovered a verdict of $800,000 on plaintiff Raymond Le Bel's personal injury claim and of $100,000 on his wife's derivative action. The jury apportioned liability on the basis of 90% against the tractor trailer and 10% against the airport limousine. This appeal by the owner, lessee and operator of the tractor trailer then followed. Contrary to said defendants' contention, there was ample evidence to support plaintiffs' theory of recovery that Vannah, the driver of the tractor trailer, was negligent in failing to provide appropriate measures under the circumstances to warn oncoming traffic of his stalled vehicle's obstruction of one lane of the westbound Thruway, and that such failure was a proximate cause of the accident (see *Osowicki v Engert,* 85 AD2d 778). Various witnesses in vehicles that had come upon the scene contemporaneously to the accident testified to having observed no flashing lights on the tractor trailer nor flares nor other reflective warning devices placed east of the stalled vehicle. Vannah pleaded guilty to a traffic infraction charge based upon such failure. His own testimony that he took precautions to apprise approaching traffic of the danger merely created questions of fact and credibility which the jury was in the best position to resolve, and therefore the jury's determination should not be disturbed on appeal (*Corey v Powell,* 53 AD2d 924). Since there was evidence to support the jury's finding, implicit in its verdict, that there had been a failure

to warn, the jury was similarly warranted in its apportionment of liability. By finding that the driver of the airport limousine was also negligent, the jury clearly recognized that his failure to see the tractor trailer sooner and reduce his speed also contributed to the happening of the accident. The jury's determination that such negligence played a far less significant role in causing the accident was supported by evidence that the driver of the Carlson vehicle, who saw the tractor trailer at a much earlier point, nevertheless similarly skidded and lost control in maneuvering to avoid that obstruction. Therefore, it cannot be said that the apportionment of liability was against the weight of the evidence. We likewise find no basis for disturbing the jury's award of damages. Plaintiff received a crushing blow to his right leg, extensively destroying bone, nerve and connective tissue. The resultant loss of blood supply made the leg particularly susceptible to infection, and recurring infection has permanently prevented bone formation to mend his multiple fractures. The uncontradicted medical evidence was that inevitably, an amputation of the leg above the knee will be required. The injuries required some five separate hospitalizations of as much as four months in duration. There was also evidence establishing that plaintiff suffered substantial economic loss, since the injury has, in effect, aborted his promising career in retail merchandising. On the basis of the foregoing evidence of past and future pain and suffering, permanent disability, the extensive home care of plaintiff required of his wife, and the all-pervading impact of the tragedy upon both plaintiffs' family life, we cannot say that the jury's awards were unconscionable, grossly excessive, or outside reasonable bounds (*James v Shanley,* 73 AD2d 752; cf. *Sullivan v Held,* 81 AD2d 663, mot for lv to app den 54 NY2d 607; *Dubicki v Maresco,* 64 AD2d 645). Therefore, the judgments and order should be affirmed in all respects. Judgments and order affirmed, with one bill of costs to respondents Le Bel, Airline Limousine Service, Inc., and Charles Wright, against appellants Lite Transport, Inc., Robert Vannah and Gil-Flex Rental, a division of Flexi-Van Leasing, Inc. Mahoney, P. J., Sweeney, Main, Casey and Levine, JJ., concur.