■ ELIZABETH L. CAPELLI, Respondent, v PRUDENTIAL BUILDING MAINTE-NANCE OF NEW YORK, Appellant, et al., Third-Party Defendant. — In a negligence action to recover damages for personal injuries, defendant appeals from an interlocutory judgment of the Supreme Court, Kings County (Morton, J.), entered November 17, 1982, which determined that defendant was liable to plaintiff, upon a jury verdict on the issue of liability. The interlocutory judgment brings up for review so much of an order of the same court, dated November 8, 1982, as denied defendant's motion to set aside the verdict and grant a new trial. Interlocutory judgment affirmed, with costs. In the circumstances of this "slip and fall" case, it cannot be said that, as a matter of law, plaintiff was negligent or assumed the risk of injury by walking across the wet floor (see *Friedman v City of New York*, 25 NY2d 764; *Cesario v Chiapparine*, 21 AD2d 272). Nor can it be said that the jury's conclusion that plaintiff was not negligent was against the weight of the evidence. In her testimony plaintiff acknowledged that she saw that the floor was wet before she crossed it and that, at least to some extent, she was apprehensive about falling. Although the doctrine of comparative negligence is applicable to this case (CPLR 1411), nonetheless, a specific charge with respect to assumption of risk should have been given (see 1 PJI [2d ed], 2:36, p 66; 2:55, p 72 [1982 Supp]). Defendant did not request such a charge, but only asked, in effect, that the trial court rule that assumption of risk had been established as a matter of law. This the court quite properly refused to do. The court did instruct the jury on comparative

negligence. Under the circumstances of this case, the trial court's failure to specifically instruct the jury on assumption of the risk does not warrant a reversal in the interest of justice. Gibbons, J. P., Bracken, Niehoff and Rubin, JJ., concur.