(April 4, 1985)

■ Salvatore Bottone, Jr., et al., Respondents, v New York Telephone Company et al., Appellants, et al., Defendants. (And a Third-Party Action.) — Yesawich, Jr., J.

During working hours on June 5, 1979, plaintiff Salvatore Bottone, Jr., an employee of General Electric (GE) at its plant in the City of Schenectady, fell while cautiously attempting to walk down a debris-littered stairway from the sixth floor to the fifth floor of building No. 56. At the time, the building was being renovated by defendants Levi Case Company (Levi Case) and New York Telephone Company (NYTEL). Bottone and his wife thereafter instituted suit against NYTEL and Levi Case seeking compensation for their injuries, medical expenses, lost wages and loss of consortium. A jury ultimately found NYTEL and Levi Case equally responsible and awarded Bottone and his wife damages in the amount of $380,000 and $80,000, respectively. In response to defendants' posttrial motion, the trial court reduced the wife's damages to $75,000, the amount sought for her in plaintiffs' ad damnum clause. On this appeal, both defendants contend that the verdict is against the weight of the evidence, that it was error for the jury not to find that plaintiff was contributorily negligent, and that the damages adjudicated are excessive.

The evidence demonstrates that Levi Case was required by its contract with GE to keep its work area clean and free from debris during the latter's working hours, and that on two occasions, in May of 1979, a GE employee overseeing the building's renovation complained to Levi Case about accumulations of debris in the stairwells. Levi Case's foreman responded by initially ensuring that the areas were clean and, after the second report that its subcontractors were not picking up daily, by promising to have a specific Levi Case employee inspect and clear accumulated debris. On the day before the accident, a subcontractor of Levi Case had been installing insulation over ducts on floors five and six of building No. 56. Four GE employees testified that the following day the stairwell serving the sixth floor was littered with ductwork, insulation and telephone boxes.

During the renovation, NYTEL alone provided telephone service for building No. 56. At 8:15 on the morning of June 5, 1979, the date Bottone fell, a subordinate of GE's renovation supervisor telephoned NYTEL requesting it to remove telephone boxes

left on the stairs and landing outside the sixth floor; NYTEL assured it would do so. At about 4:00 P.M. when the accident occurred, the condition of the stairway, rather than having been improved, had worsened.

With respect to the contention that plaintiffs' failure to demonstrate that defendants were responsible for the debris precludes recovery, we note that the evidence linking NYTEL to the material strewn about the stairway is no more tenuous than that accorded recognition in *Keefner v City of Albany* (77 AD2d 747, *lv denied* 52 NY2d 704). On the basis of evidence in *Keefner* showing that (1) the defendant had employees on the premises on the day of the accident; (2) no other contractors were involved in the building; (3) defendant had a pipe-threading machine on the premises; (4) the machine used oil for the thread cutting process; and (5) a witness claimed to have seen oil from the machine spill to the floor, the jury found the defendant liable for the plaintiff's injuries, a finding which this court upheld (*id.*). There was no direct evidence that the spilled oil on which the plaintiff slipped belonged to the defendant or that the defendant's employees caused the spill; however, no other contractors were working in the area of the spill. Similarly, here, plaintiffs introduced evidence that NYTEL was the sole telephone company working in building No. 56; that NYTEL employees worked on the sixth floor thereof on both the day of and the day prior to the accident; and that the debris which NYTEL agreed to remove on the morning of the accident was among the debris which caused Bottone's fall. On such evidence, the jury could have reasonably inferred that NYTEL's failure to pick up its materials was a substantial and foreseeable cause of plaintiff's injuries.

Like reasoning supports the jury's verdict as against Levi Case, which was contractually obligated to clean up after its subcontractors and ostensibly had delegated an employee to perform that task. Yet J. F. Swick Insulation, a subcontractor, had worked in the building all day on June 4, 1979 and insulation and furring strips were observed the following morning scattered in the area of the sixth floor stairwell. The jury's conclusion that Levi Case was also responsible for plaintiffs' injuries was thus amply justified.

Defendants' contention that some undefined supervening act was the proximate cause of plaintiffs' injuries, thus absolving them of liability, is not persuasive. Whether an intervening cause exists and whether it is unforeseeable, thus severing the causal connection between defendants' conduct and plaintiffs' injuries, is also principally a question for the jury (*Derdiarian v*

*Felix Contr. Co.,* 51 NY2d 308, 315). Defendants merely surmise that intervening causes scattered the debris and aggravated the danger posed thereby; there is no direct evidence to that effect. As various inferences can be drawn from the established facts, deference to the fact finder's resolution is appropriate.

Nor do we find reversible error in the jury's determination that Bottone was not contributorily negligent in choosing to descend the stairs rather than use a nearby elevator. Therefore, the provisions of CPLR 1411 are not applicable here. Selection of one alternate route over another generally is not negligence as a matter of law, but creates a factual issue for the jury (*Keefner v City of Albany, supra,* p 748; *see also, Capelli v Prudential Bldg. Maintenance,* 99 AD2d 501). In this instance, the evidence discloses that GE employees traveling between the fifth and sixth floors commonly resorted to the stairs rather than the erratically operating elevator that served the building. Furthermore, the fact that two other GE employees decided to and walked through the debris on those very stairs on the day of the accident suggests that Bottone's decision to do so did not drop below the standard to which he should conform for his own protection (*see, Keefner v City of Albany, supra,* p 748).

Finally, the nature and extent of the injuries sustained by the 46-year-old Bottone support the jury's award. Given evidence of permanent and chronic back pain, for which Bottone often uses a portable transcutaneous electric nerve stimulator to alleviate pain, difficulty sitting, severe restrictions on past, present and future activities due to the injuries, sexual dysfunction, and lost earnings and medical expenses totaling approximately $50,000 (though much of it can be covered by workers' compensation), the verdict cannot be said to be unconscionable or outside reasonable bounds (*see, Le Bel v Airlines Limousine Serv.,* 92 AD2d 996, 998).

Judgment affirmed, with costs. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ., concur; Harvey, J., dissents and votes to reverse in the following memorandum.

Harvey, J. (dissenting). I would reverse the judgment in favor of plaintiffs and remit the matter to Trial Term for a new trial. In my opinion, the jury verdict was against the weight of the credible evidence to so great an extent that a new trial is necessary to determine all issues.

This is a fall-down case which is distinguishable from most because the physical conditions which constituted the claimed hazardous situation were plainly evident to plaintiff Salvatore Bottone, Jr., and recognized by him to have been hazardous. Although he recognized the hazard, Bottone did nothing to avoid

the danger. Rather, he freely continued on his predetermined course of conduct without making a single adjustment to accommodate the conditions which he observed to exist. On the other hand, from the evidence introduced, the worst that can be said about the conduct of defendants is that, although they had no knowledge of a dangerous condition, they permitted such a condition to exist.

Although the law allows a litigant a multitude of opportunities to discover evidence prior to trial, plaintiffs' proof of negligence on the part of defendants was more speculative than real. There was no direct evidence that either defendant deposited its waste materials in such a manner as to impede Bottone from the free and unobstructed use of the stairway which he had enjoyed during his five previous uses of the stairway on the day of the accident.

A review of all of the facts is required. General Electric (GE), owner of the building involved, was in the process of renovating the building in which the accident occurred. There was no general contractor other than GE itself. The evidence is vague, but it is evident that office space was being created in areas not previously so devoted. Defendant Levi Case Company (Levi Case) was involved to the extent that it installed an air-conditioning system. Levi Case's subcontractor insulated the air-conditioning ducts. Defendant New York Telephone Company (NYTEL) installed telephones and circuits. Unnamed other contractors provided other renovations. At some time during the progress of the work, GE started to use the space for its employees, including Bottone, to perform their regular duties. Ostensibly, once the owner's personnel started to occupy and use the premises, the various contractors were to perform their duties after 5:00 P.M., when GE evacuated the building. The proof was contradictory in this respect.

The controversy involves activities on the sixth and highest floor of the building. The accident happened when Bottone tripped on debris located at the juncture of an ancillary stairway and landing on that floor. On that occasion, he was aware of the fact that renovation activities were taking place. He also knew that the sixth floor landing was being used as a staging area for the removal of construction waste from that floor to the ground area. Bottone had observed the debris on five prior occasions on that day, but it had not been previously placed so as to interfere with his use of the stairway. The landing was adjacent to the elevator, separated by a wall in which there was a door. There was no evidence that either defendant knew that many GE employees used the ancillary stairway rather than the elevator.

On Bottone's sixth use of the stairway to descend from the sixth to the fifth floor on the day of the accident, he noticed, for the first time, that debris impeded his proposed route to descend the stairway. From his own testimony, it is clear that Bottone saw precisely that which existed and which he admitted he had determined to have been hazardous. At that point in time, with a very minimum of extra effort, Bottone could have completely avoided the accident. He could have used the elevator, he could have pushed the debris aside with his foot, or he could have used the bannister for support before he endeavored to negotiate the stairway in an ordinary manner. Bottone did not exercise that degree of care which a reasonably diligent person would have exercised for his own safety. He was not walking into unknown conditions. In spite of those facts, the jury found Bottone completely free of blame and assessed the two defendants $460,000 for causing the injuries.

The only evidence against defendants was that the debris on the landing included certain waste ordinarily associated with the activities in which they had been involved. For most of the day, that debris was not in a position to impede Bottone's use of the stairway. Who placed the debris in the position which created a hazard is not established by the evidence. Neither was there evidence tending to indicate that either defendant knew it was near the stairway. At best, the jury could have determined that in one manner or another defendants permitted the debris to be located in such a manner as to create a danger. But to have reached that conclusion without finding any blame on the part of Bottone is shocking. If it can be held that defendants ought to have foreseen an accident of this kind and taken some precaution to prevent it, then so ought Bottone to have proceeded in a manner calculated to avoid the danger (*see, Nucci v Warshaw Constr. Corp.*, 12 NY2d 16, 19).

Accordingly, I respectfully dissent.