OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The plaintiff was severely injured on June 15, 1973 when he jumped out of a window of his sixth story apartment to escape a fire which he had caused by placing a recently used gasoline tank, with the top removed, near the pilot light on a stove. When the pilot light’s flame ignited a residue which had apparently remained in the tank, plaintiff poured water on the fire, thereby causing it to spread throughout the kitchen. Plaintiff thought about pouring more water on the fire, and walked around the apartment for several minutes before finally deciding to flee. He first attempted to leave the apartment through the door, but was unable to open it.
Plaintiff commenced this negligence action against the defendant, his landlord, contending that the door did not open because it had "seized” at the top and that defendant, despite notice of this defect prior to the fire, had failed to repair the door. A verdict for the plaintiff at the first trial was set aside by the trial judge, who ordered a new trial. A judgment for the plaintiff entered on the verdict at the second trial was reversed by the Appellate Division, and a third trial ordered, on the ground that the trial judge had improperly removed from the jury’s consideration, on the issue of contributory negligence, the plaintiff’s conduct which caused the fire.
At the third trial, the defendant, as it had done previously, asserted that plaintiff’s injuries were caused by his own negligence and, with respect to the alleged "seizing” of the door, *677 contended that it did not open because plaintiff had not unlocked both of the locks. The jury, answering questions submitted to it by the court, found that the defendant was not guilty of any negligence which was a proximate cause of plaintiff’s injuries, and that the plaintiff was guilty of contributory negligence which was a proximate cause of his injuries. Judgment was accordingly entered for the defendant, and the Appellate Division has affirmed.
Plaintiff took an appeal as of right from the final Appellate Division order so as to bring up for review the Appellate Division order which reversed the judgment entered in favor of the plaintiff (see, CPLR 5601 [d]). This court then granted plaintiff’s motion for leave to appeal from the final Appellate Division order, thereby enabling him to raise alleged errors at the third trial and causing the prior Appellate Division order to be reviewed pursuant to CPLR 5501 (a).
Because the fire occurred prior to the adoption in New York of comparative fault principles (see, CPLR 1411), plaintiff was required to show that the defendant’s alleged negligence was the sole legal cause of his injuries and any degree of contributory negligence by the plaintiff would bar recovery (see, e.g., Fitzpatrick v International Ry. Co., 252 NY 127; Gill v Anderson, 39 AD2d 941). Thus, the Appellate Division, in the first of the two orders being reviewed, properly held that the trial judge had erred in removing from the case plaintiff’s actions which caused the fire. We also conclude, based on the evidence at the third trial, that, as a matter of law, plaintiff’s conduct prior to his attempt to leave the apartment unreasonably created a risk that he would be injured either by a fire or in attempting to escape from it, and this constituted contributory negligence requiring dismissal of his negligence action (see, e.g., Seidman v M & R Air Conditioning Corp., 15 NY2d 814; Nucci v Warshaw Constr. Corp., 12 NY2d 16; McAllister v New York City Hous. Auth., 9 NY2d 568).
Accordingly, plaintiff’s contentions as to alleged errors in the court’s charge at the third trial need not be addressed, as defendant’s motion to dismiss at the close of plaintiff’s case should have been granted.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
Order affirmed, with costs, in a memorandum.