■ ELIZABETH FARINA, Respondent, v A.R.A. SERVICES, INC., Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Supreme Court, Nassau County (Murphy, J.),

dated January 22, 1988, which, upon a jury verdict, is in favor of the plaintiff and against it on the issue of fault.

Ordered that the interlocutory judgment is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages.

The defendant manages the employee cafeteria in the Pan American Airways Building at Kennedy Airport. At 10:45 P.M. on May 16, 1982, while on her way to punch out on a time clock, the plaintiff walked along an open aisle facing on the cafeteria. In order to avoid a crowd of people coming toward her, the plaintiff stepped to her right. As she did so, she stepped into a puddle of dirty, brackish water, slipped, and fell. The plaintiff and two other witnesses testified that the puddle had been on the floor since about 5:15 P.M. that day. The plaintiff admitted seeing the puddle twice early in the evening in question, but did not see it as she walked toward the time clock. The court found that, as a matter of law, the defendant was responsible for cleaning the area. A jury found the defendant fully liable for the plaintiff's injuries arising out of its failure to clean up the puddle.

The court correctly declined to charge the jury on assumption of risk as the evidence indicates that at the time of this occurrence the plaintiff was not aware of the risk facing her (see, Maddox v City of New York, 66 NY2d 270, 278; Arbegast v Board of Educ., 65 NY2d 161, 169; Capelli v Prudential Bldg. Maintenance, 99 AD2d 501).

The trial court also correctly charged that the defendant had a duty to keep the cafeteria floor clear from hazard. At common law, a possessor is liable for its negligence in failing to correct a dangerous condition on real property, such as the puddle of water in the case at bar (see, 46 NY Jur, Premises Liability, § 2).

The verdict finding the defendant totally at fault for this occurrence was not against the weight of the evidence. The record clearly indicates that the plaintiff moved to her right as a reaction to the approaching crowd and did so without knowledge that the floor was wet. Moreover, contrary to the defendant's claim, there was no evidence indicating that she could have avoided the puddle. The jury verdict was therefore a result of a fair interpretation of the evidence and should not be set aside (see, Nicastro v Park, 113 AD2d 129, 132-133).

We have examined the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.