SECOND DEPARTMENT, FEBRUARY, 1991

(February 4, 1991)

■ JANICE AARON, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 74316.)—In a claim to recover damages for personal injuries, the defendant appeals from a judgment of the Court of Claims (Lengyel, J.), dated May 25, 1989, which is in favor of the claimant and against it in the principal sum of $9,000.

Ordered that the judgment is reversed, on the law, with costs, and the claim is dismissed.

While ice skating at the Bear Mountain State Park ice skating rink, the claimant tripped in a groove in the ice and injured herself. The Zamboni machine used to clean and resurface the ice had broken down prior to the commencement of the skating session during which the claimant was injured, and, therefore, only one-half of the rink had been resurfaced. The claimant asserted at trial that the State was negligent in failing to close off the unresurfaced portion of the ice. The Court of Claims agreed and found the State 60% at fault for the claimant's injuries. We now reverse.

Rink employees who had physically inspected the unresurfaced portion of the ice found it to be safe for skating. There was no evidence to establish that the groove in which the claimant tripped existed prior to the commencement of the skating session which had begun approximately 20 minutes before the claimant fell. Nor was there evidence establishing that the claimant had fallen on the unresurfaced portion of the ice. Finally, it is well established that a person who engages in a sport accepts the known dangers inherent therein *(Curcio v City of New York,* 275 NY 20, 23-24; *Boltax v Joy Day Camp,* 113 AD2d 859, 861, *affd* 67 NY2d 617). Accordingly, the claim is dismissed *(see, Cohen v Union News Co.,* 307 NY 628; *O'Brien v Midtown Skating Club,* 77 AD2d 829; *Politzer v State of New York,* 19 AD2d 936). Brown, J. P., Balletta, Rosenblatt and Ritter, JJ., concur.