■ KENFORD COMPANY, INC., et al., Appellants, v. COUNTY OF ERIE et al., Respondents. (Appeal No. 2.) — Order unanimously modified in accordance with memorandum and, as modified, affirmed. Memorandum: This appeal is from an order denying, with minor exception, appellants' motion for a protective order vacating respondents' notice to take the deposition of the two appellant corporations through several named and unnamed officers and to produce in connection therewith many described records. Appellants correctly contend that the notice and order violate the established rule that a corporate party may be examined only through an officer or a witness of its own choice, in the first instance (*Besen* v. *C. P. L. Yacht Sales,* 34 A D 2d 789; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.27). Because of the size and complexity of this case Special Term sought to expedite the pretrial procedures by upholding the notice. We think that the usual practice should be adhered to and that each corporation to be examined should be permitted, in the first instance, to produce such official or agent whom it designates as possessed of the necessary information. We find no prejudice to appellants in the provision in the notice reserving respondents' rights to apply for further depositions, for such reservation is unnecessary and of no consequence. Concerning the documents which the notice and order require appellants to produce, we note that the established rule is, " Only those documents necessary to be used in aid of conducting a deposition are required to be produced on an examination before trial (CPLR 3111; *Arett Sales Corp.* v. *Island Garden Center of Queens,* 25 A D 2d 546). Nor can such rule be subverted by seeking discovery and inspection pursuant to CPLR 3120 simultaneously with an examination before trial. Orderly disclosure procedures require that a party, by use of examination, first ascertain identifiable documents before seeking discovery and inspection (*Rios* v. *Donovan,* 21 A D 2d 409)." (*Ramo* v. *General Motors Corp.,* 36 A D 2d 693, 694.) The notice in this case requires appellants " to produce upon the said depositions the following items in their *possession, custody or control,* relating to the above-entitled action " (italics supplied). We believe that the appellants are sufficiently protected by this qualification of the documents required to be produced. The notice should be modified to strike the named and unnamed officers of appellants set forth therein whom respondents seek to dispose, and the order should provide in lieu thereof that appellant corporations shall each designate a person possessed of the facts, to be examined in behalf of the corporation, without prejudice to respondents moving, upon appropriate showing after completion of such depositions, to depose officers of appellants of respondents' own designation, in the discretion of Special Term. This determination is without prejudice, of course, to a motion by respondents to depose any person whom they wish as a witness pursuant to CPLR 3101 (subd.

[a]). (Appeal from part of order of Erie Special Term denying motion for protective order.) Present — Del Vecchio, J. P., Marsh, Witmer and Cardamone, JJ.