■ ROSEMARY PASCOE, as Administratrix of the Estate of JOHN N. PASCOE, Deceased, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— In a wrongful death action, defendant appeals from an order of the Supreme Court, Queens County, entered December 12, 1973, which granted plaintiff's motion to vacate defendant's notice of pretrial examination of a nonparty witness and denied defendant's cross motion for leave to examine the witness. Order reversed, with $20 costs and disbursements, and plaintiff's motion denied

and defendant's cross motion granted. · The examination shall proceed at the place set forth in the extant notice to examine, at a time to be fixed in a written notice of not less than 10 days, to be given by defendant, or at such other place and time as the parties may agree. The availability to defendant of the statement of the sole eyewitness is not a substitute for his deposition, since in a death action the plaintiff's burden of proof of negligence is reduced (*Noseworthy* v. *City of New York*, 298 N. Y. 76) and the defendant carries the burden of proof of contributory negligence (EPLT 5–4.2). We note, in addition, that defendant is without any other witnesses to the event and, if the sole witness sought to be deposed is unavailable at the trial, his statement would not be admissible in evidence (cf. *Kenford Co.* v. *County of Erie*, 41 A D 2d 587). Martuscello, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.