NATIONAL REPORTING, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 58383.)

Third Department, February 20, 1975.

*Louis J. Lefkowitz, Attorney-General (Richard J. Dorsey* and *Ruth Kessler Toch* of counsel), for appellant.

*Harvey Stuart* for respondent.

GREENBLOTT, J. This is an appeal from an order of the Court of Claims, entered November 1, 1974, which granted claimant's motion for an order of examination before trial of the State by Joseph C. Swidler and directed production of documents for use on such examination.

Claimant seeks to recover damages for alleged breach of an agreement entered into between claimant and the Department of Public Service on October 15, 1973, whereby claimant agreed to provide stenographic reporting services at hearings conducted by the department for a three-year period. After a warning letter, the department terminated the contract, alleging claimant's failure to perform services required of it. The termination was effected by letter dated March 21, 1974, signed by the Chairman of the Public Service Commission, Joseph C. Swidler.

On April 29, 1974, claimant filed a claim against the State for damages in the amount of $415,955.96, alleging willful breach of the agreement. On October 3, 1974, an amended claim in the sum of $530,763.10 was filed which included an allegation that the Department of Public Service, in concert with a third party, Parsont Reporting Service, Inc., "formulated and pursued an intention not to permit the claimant's contract to run its complete term".

Thereafter, this motion was brought to examine Joseph C. Swidler, defendant's employee, and to have produced upon the examination:

"All relevant books, records, correspondence, memoranda, and papers within the defendant's control, including but not limited to the following:

"All books, records, correspondence, memoranda, and papers in the possession of the defendant tending or alleging to show

that the claimant was in any manner in default in performance of its contract with the defendant, including specifically all books, records, correspondence, memoranda, and papers referred to or relied upon by the said Joseph C. Swidler in his letters dated February 4, 1974, and March 21, 1974, addressed to the claimant, and all books, records, papers, memoranda, correspondence, and contracts between or regarding any relationship between defendant and one Parsont Reporting Service, Inc."

The trial court granted the motion, ordering the State to produce Joseph C. Swidler for oral examination before trial, and further directed the State " to produce its respective books, records, reports, correspondence, memoranda and other papers relevant to the issues at bar, for use on said oral examination ". The order further directed " the foregoing shall include and is not limited to written matter relating to the Parsont Reporting Service, Inc.; provided the same is relevant and material herein."

The State contends that the order requiring the production of an individual named by the claimant, violates the well-established principle that a corporation has the right initially to decide by whom it will be examined. (*Rufer* v. *New York State Teachers Assn.,* 42 A D 2d 1040.) The State concedes that, accompanying this right is the obligation on the corporate party being examined to produce an individual with knowledge of the facts.

We agree that this principle, applied generally to corporations, should be equally applicable to the State, which is subject to examination and disclosure " ' as if the state were a private person ' (CPLR 3102, subd. [f] ''; *Matter of Lakeland Water Dist.* v. *Onondaga County Water Auth.,* 24 N Y 2d 400, 409). The Court of Claims has properly recognized this principle and has held that it is applicable to the State. (*Luddy* v. *State of New York,* 45 Misc 2d 948.)

We hold, therefore, that, in the absence of proof that a head of a State department possesses detailed personal knowledge of the facts in issue, the State should be accorded the normal right, in the first instance, to designate its witness.

The order should also be modified to eliminate so much of the requirement that the State produce at the examination all of the documents demanded by claimant with regard to the State's relationship with Parsont Reporting Servce, Inc. The demand for " books, records, correspondence, memoranda, and papers " relating to claimant's alleged nonperformance of the contract was proper and was clearly relevant in that it relates

to specific factual issues which must be resolved in determination of the breach of contract claim. However, the demand for " all books, records, [etc.] * * * and contracts between or regarding any relationship between defendant and one Parsont Reporting Service, Inc." is much too broad to permit reasonable compliance. The relationship between the State and Parsont encompassed a lengthy period of time, and many books, records and documents regarding that relationship would have no bearing upon Parsont's alleged interference with claimant's contract. This is not to say, of course, that there are no documents regarding the State's relationship with Parsont that are relevant to the claim for contract interference, and it stands to reason that claimant should not be deprived of reasonable discovery because he understandably lacks knowledge as to what specific papers are in the hands of the State which may be relevant. In such circumstances, as we have previously stated, " it would seem that a determination of what documents may be used on the examination before trial should await the course of the examination. The proper procedure to be followed would be to keep the documents unavailable to [claimant] until the oral examination turns toward them and they can be identified with some degree of particularity " (*Columbia Gas of N. Y.* v. *New York State Elec. & Gas Corp.*, 35 A D 2d 620, 621).

The order should be modified, on the law and the facts, so as to permit claimant to take defendant's deposition upon oral examination by a knowledgeable witness to be produced by defendant, and so as to direct defendant to produce all books, records, correspondence, memoranda, and papers in the possession of the defendant, tending to show that claimant was or was not in any manner in default in performance of its contract with defendant, including but not limited to all books, records, papers, memoranda and correspondence relied upon by the Department of Public Service in terminating its contract with claimant, and, as so modified, affirmed, without costs.

Herlihy, P. J., Sweeney, Main and Larkin, JJ., concur.

Order modified, on the law and the facts, so as to permit claimant to take defendant's deposition upon oral examination by a knowledgeable witness to be produced by defendant, and so as to direct defendant to produce all books, records, correspondence, memoranda, and papers in the possession of the defendant, tending to show that claimant was or was not in any manner in default in performance of its contract with defendant,

including but not limited to all books, records, papers, memoranda and correspondence relied upon by the Department of Public Service in terminating its contract with claimant, and, as so modified, affirmed, without costs.