■ GREENFIELD CONSTRUCTION COMPANY, INC., Respondent, v STATE OF NEW YORK, Appellant.—Order unanimously modified in accordance with memorandum, and, as modified affirmed, without costs. Memorandum: We affirm that part of the order which denies the State's cross motion for a protective order and grants disclosure. Disclosure is available against the State to the same extent as it is against a natural person (CPLR 3102, subd [f]; Court of Claims Act, § 17, subd 2). The State's contention that disclosure should be deferred pending the determination of the indictment against it, growing out of the underlying circumstances in this case, is without merit. First, it concedes that an identical indictment against the County of Monroe has been dismissed (and hence this indictment, pending before the same Judge, may very well be dismissed when the State moves therefor), but for its own reasons the State prefers not to move for a dismissal of the indictment against it but wishes to test other aspects of the case by trial or appeal. Second, the State has no privilege against self incrimination *(Bellis v United States,* 417 US 85; *Matter of Bleakley v Schlesinger,* 294 NY 312, 316-317; *Bank of Buffalo v Skinitis,* 36 AD2d 891, 892), and the State is not asked to disclose more than the District Attorney may require under the indictment. Hence, the State cannot be prejudiced by disclosure now. Moreover, upon a showing that the particular disclosure will be harmful to the public interest, the State may assert such special privilege against disclosure *(Wilson v State of New York,* 36 AD2d 559, 560; *Zara Contr. Co. v State of New York,* 22 AD2d 415, 417). Furthermore, it appears that the disclosure sought is consonant with the public interest that all persons have unimpaired access to governmental records (Public Officers Law, §§ 85, 88). We think that the State is correct in its objection to claimant designating the employees of the State by whom the State shall submit to the examination, and that the court should have permitted the State, in the first instance, to specify the individual or individuals by whom it will be examined *(National Reporting v State of New York,* 46 AD2d 576; *Rufer v New York State Teachers Assn.,* 42 AD2d 1040; *Kenford Co. v County of Erie,* 41 AD2d 587). The first ordering paragraph of the order should, therefore, be modified accordingly. Finally, although generally a party seeking to inspect documents in possession of his opponent should by examination before trial first identify these specific documents which he desires to have produced *(National Reporting v State of New York, supra,* p 579; *Kenford Co. v County of Erie, supra),* here the documents have already been identified and limited by the court in the order. We agree with the State, however, that in subparagraphs (b) and (f) of the second ordering paragraph the period of time as to which documents must be produced by the State for inspection should be restricted to the period from the year 1965 to October 29, 1974, and the order is modified accordingly. (Appeal from order of Court of Claims granting motion for examination before trial.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Witmer, JJ.