Harold Baer, J.
This action was brought under sections 2320-2334 of the Public Health Law, for permanent injunctive relief. The premises involved are located at 61-65 Lexington Avenue, New York, New York, known as the Belmore Hotel. The defendant Morbel is the operator of the hotel and the remaining defendants are the fee owners of the premises.
At the trial, extensive testimony by plaintiff elicited evidence of arrests and six convictions in and adjacent to the premises during a 12-month period. There was also testimony with respect to the general reputation of the area and the Belmore Hotel in particular. Four of the women arrested on the premises pleaded guilty to section 230.00 of the Penal Law, one to disorderly conduct for blocking vehicular traffic and a male, Dixon, allegedly a clerk of the hotel, to section 230.40 of the Penal Law. Several businessmen in the area testified to their experiences in and near the hotel and gave their opinion of the reputation of the area and in particular of the hotel with respect to the nuisance of prostitution.
Defendant Morbel presented testimony of an expert in sociology who testified, according to his criteria, that the hotel did not participate in or encourage prostitution. There was also testimony by the hotel manager that of the 84 rooms in the hotel, only six are rented to transients. He also described instructions given to clerks. He denied that Dixon was a clerk or even an employee of the hotel. Further, he described efforts made to discourage undesirables from using the hotel. The sole stockholder of Morbel gave additional and cumulative testimony.
One of the owners of the premises testified that the owners had no notice or knowledge of the alleged reputation of the hotel before service of the complaint. They deny that any illegal act was committed by the hotel. so as to create a nuisance. If such nuisance is found to have existed, the owners deny any knowledge to raise a presumption (Public Health Law, § 2324.3, subd 3, par [c]). Further that such presumption *991 has been amply rebutted. Finally, under the lease to the hotel if plaintiff is successful, the owners are entitled to a judgment of indemnity against Morbel.
Section 2320 of the Public Health Law provides:
"1. Whoever shall erect, establish, continue, maintain, use, own, or lease any building, erection, or place used for the purpose of lewdness, assignation, or prostitution is guilty of maintaining a nuisance.
"2. The building, erection, or place, or the ground itself, in or upon which any lewdness, assignation, or prostitution is conducted, permitted, or carried on, continued, or exists, and the furniture, fixtures, musical instruments, and movable property used in conducting or maintaining such nuisance, are hereby declared to be a nuisance and shall be enjoined and abated as hereafter provided.”
Section 2324 of the Public Health Law in relevant part states:
"3. (a) In such action evidence of the common fame and general reputation of the place, of the inmates or occupants thereof, or of those resorting thereto, shall be competent evidence to prove the existence of the nuisance.
"(b) An admission or finding of guilt of any person of a violation of section 230.40 of the penal law at such place shall be presumptive evidence of the nuisance, and a plea of guilty or a conviction in a criminal action of maintaining a nuisance at the place described in the complaint shall be prima facie evidence of the nuisance, and the records of any court in the jurisdiction shall be admissible as evidence to prove the conviction or plea of guilty.
"(c) If evidence of the general reputation of the place, or of the inmates or occupants thereof, is sufficient to establish the existence of a nuisance it shall be prima facie evidence of knowledge thereof and acquiescence and participation therein and responsibility for the nuisance, on the part of the owners, lessors, lessees, users, and all those in possession of or having charge of, as agent or otherwise, or having any interest in any form of property, real or personal, used in conducting or maintaining said nuisance.”
The two sections of the Penal Law under which convictions, after plea, were obtained follow:
Section 230.00 of the Penal Law of the State of New York: "A person is guilty of prostitution when such person engages *992 or agrees or offers to engage in sexual conduct with another person in return for a fee.” Section 230.40: "A person is guilty of permitting prostitution when, having possession or control of premises which he knows are being used for prostitution purposes, he fails to make reasonable effort to halt or abate such use.”
The record conclusively indicates to this court that there was presumptive evidence of the nuisance in and about the hotel premises. The convictions (Penal Law, § 230.00) and particularly the conviction of Dixon (Penal Law, § 230.40), and the reputation in the community were not only presumptive evidence of the nuisance but prima facie evidence of knowledge, acquiescence, and participation by the defendants within the purview of the statute (Public Health Law, § 2324, subd 3, pars [a], [b], [c]).
It does not matter that Dixon was not on the payroll. Rather if true, it emphasizes the failure to properly supervise and manage the hotel in view of the previous convictions and general poor reputation of the hotel and the area. Section 2324 (subd 3, par [b]) states, "finding of guilt of any person of a violation of section 230.40 of the penal law at such place shall be presumptive evidence of the nuisance”. There was no unfair discrimination practiced by the police. The entire area was policed and there was no showing of undue harassment on these premises.
There was insufficient evidence to overcome the statutory presumptions and there is a rational connection between the facts proved and the facts presumed. I do not find that the statute is unconstitutional (Tot v United States, 319 US 463).
The owners, by stipulation, did not have knowledge until service of the complaint in November, 1975. However, they took no action against the tenant. In addition to the statutory presumptions above mentioned, they could have taken action under the lease, under subdivision 2 of section 231 of the Real Property Law, sections 230.25 and 230.40 of the Penal Law, as well as subdivision 5 of section 711 of the Real Property Actions and Proceedings Law.
I find ample evidence of the nuisance under the statute. The only ameliorating circumstance is that most of the rooms are rented on a long-term basis and only a small number are rented to transients and used for illegal purposes. The defendants are permanently enjoined from operating these premises as a public nuisance. The nuisance must be abated pursuant *993 to the provisions of the Public Health Law of the State of New York and a judgment may be settled to effectuate this decision. However, instead of closing the premises, the defendants may pay the costs of this proceeding and file a bond for the value of the property (value to be agreed upon or determined by the court on submission of necessary documentation, if desired). The condition of the bond and sureties to be approved is the immediate abatement of the nuisance and continuance of such abatement for one year, all pursuant to section 2332 of the Public Health Law.