■ LONG ISLAND COLLEGE HOSPITAL et al., On Behalf of Themselves and All Others Similarly Situated, Appellants, v ROBERT P. WHALEN, as Commissioner of the Department of Health of the State of New York, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered April 26, 1976 in Albany County, which denied plaintiffs' motion for an order directing defendant to appear for an examination before trial and to produce certain documents upon such examination. The plaintiffs commenced this action for declaratory and injunctive relief with respect to a determination of the defendant which denied reimbursement of their litigation expenses under the State's Medicaid and Blue Cross programs, changing a policy in effect prior to February, 1975. Plaintiffs allege that the present policy denying such reimbursement is inconsistent with article 28 of the Public Health Law and the regulations promulgated thereunder, that litigation expenses are necessary and proper expenses incurred in the production of hospital services, that the policy is contrary to Titles XVIII and XIX of the Social Security Act and the regulations promulgated thereunder, that the new policy was not adopted in accordance with proper procedures for adopting and amending rules and regulations and is beyond the statutory power and jurisdiction of defendant and that the policy was implemented so as to give it an improper retroactive effect. After issue was joined plaintiffs moved for an order, pursuant to CPLR 3102 (subd [f]), directing the defendant commissioner to appear for oral examination before trial and to produce certain documents for use on such examination. The defendant objected on the grounds that it was improper for the plaintiffs to designate, in the first instance, the officer to be examined and that the request for the production of documents sought items outside the scope of the issues. Special Term decided all of the issues presented on the said motion in favor of defendant and we agree. CPLR 3102 (subd [f]) provides that "In an action in which the state is properly a party, whether as plaintiff, defendant or otherwise, disclosure by the state shall be available as if the state were a private person, except that it may be obtained only by order of the court in which the action is pending and except further that it may not include interrogatories or requests for admissions". In *National Reporting v State of New York* (46 AD2d 576, 578) this court held that "in the absence of proof that a head of a State department possesses detailed personal knowledge of the facts in issue, the State should be accorded the normal right, in the first instance to designate its witness". While recognizing this general principle, plaintiffs argue that the defendant commissioner "is the person most likely to have knowledge of the facts upon which examination is to be had". We agree with Special Term, however, that the news release cited by plaintiffs in support of this proposition "does not * * * constitute proof that the commissioner possesses detailed personal knowledge of the facts in issue". Unless and until it appears that the person produced has inadequate knowledge of the facts, the State's initial right to select the person whom it will submit for examination should not be denied. Plaintiffs contend that Special Term erred in denying their motion for an order directing defendant to produce various documents relating to procedures for adopting and amending rules and regulations which the complaint alleges defendant failed to follow. We note that defendant admits in his answer that he failed to follow the procedures which plaintiffs claim he should have followed and affirmatively states that he was not required to follow such procedures. The respective positions raise issues of law as to

which the detailed information as to the defendant's reasoning process sought in subparagraphs "(v)", "(vi)" and "(vii)" of paragraph "2(a)" of plaintiffs' notice of motion is not "material and necessary" (CPLR 3101, subd [a]). We also agree with Special Term that the detailed information as to defendant's instructions to auditors, reports of audits and reimbursement formulae, sought by paragraphs "2(b)", "2(c)" and "2(d)" of plaintiffs' notice of motion goes beyond the issues concerning defendant's determination regarding litigation expenses raised by the pleadings. Order affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.