■ LEWIS SADOWSKY, an Infant, by His Mother and Natural Guardian, RITA SADOWSKY, et al., Appellants, v CHAT NOIR, INC., et al., Respondents, and NADINE SADOWSKY, Appellant. (Action No. 1.) (And Another Action.)—In consolidated negligence actions to recover damages for personal injuries, etc., (1) defendant Nadine Sadowsky and plaintiffs Lewis and Rita Sadowsky appeal from an order of the Supreme Court, Queens County, dated September 15, 1977, which denied their respective motion and application to direct a nonparty witness to appear for an examination before trial and (2) Lewis and Rita Sadowsky appeal from so much of a further order of the same court, dated January 26, 1978, as granted defendants' motions for a protective order and vacated a notice to conduct an examination before trial of the nonparty witness. Order dated September 15, 1977 reversed, and order dated January 26, 1978 reversed insofar as appealed from, with one bill of $50 costs and disbursements payable jointly to appellants, motion and application to examine the nonparty witness granted and defendants' motions for a protective order denied. The examination of the witness shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiffs Lewis and Rita Sadowsky, or at such other time and place as the parties may agree. The infant plaintiff, who was born on September 6, 1962, is allegedly brain damaged as a result of the accident which forms the basis for these actions, and his sister, Nadine Sadowsky, allegedly suffers from amnesia as a consequence of the same accident. Only one independent eyewitness has come forward. He submitted a written statement to the New York City Police Department on the latter's "witness statement—vehicle accident" form on April 26, 1976, four days after the

accident complained of. The contents of this statement are favorable to the infant plaintiff and his sister, but the statement itself is as worthless as a blank piece of paper if the eyewitness does not appear at the trial (see *Pascoe v Long Is. R. R. Co.,* 44 AD2d 829; *Kenford Co. v County of Erie,* 41 AD2d 587), unless he is examined before trial. While it is true that the eyewitness does not come within the ambit of CPLR 3101 (subd [a], par [3]), we are proceeding under the provisions of CPLR 3101 (subd [a], par [4]) on the ground "that there are adequate special circumstances" to support our holding. The infant plaintiff is a ward of the court and, as such, is entitled to our consideration. Heavy medical expenses have been incurred on his behalf in an effort to remedy the injuries he sustained. He appears to have a meritorious cause of action. Such other possible eyewitnesses as may be in existence have not come forward and more than two years have elapsed since the date of the accident. At this late date, the chance of producing them for trial is remote. Inasmuch as Nadine Sadowsky is a party to these actions, the benefits of the examination of the nonparty witness should accrue to her as well. Martuscello, J. P., Rabin, Gulotta and Cohalan, JJ., concur.