OPINION OF THE COURT
Gerard M. Weisberg, J.
On April 1, 1977, claimants John Ditredici and Joseph Cirigliano, vice-president and employee, respectively, of Cardet Construction Co., Inc., were arrested on the premises of Bronx Psychiatric Center, Bronx, New York, by Police Officer Wil *108 liam D’Aquila and Chief Garcia. Claimants were thereafter charged with burglary in the third degree (Penal Law, § 140.20), petit larceny (Penal Law, § 155.25), and criminal possession of stolen property in the third degree (Penal Law, § 165.40), and arraigned in Bronx Criminal Court upon a felony complaint signed by Police Officer D’Aquila, who represented himself as a safety officer at the above premises. The claims do not indicate the disposition of these charges other than to state that claimants were falsely arrested and imprisoned.
The present motion seeks an examination before trial of the arresting officers, as employees of the State, pursuant to CPLR 3102 (subd [f]). The defendant’s sole objection is the contention that it may in the first instance designate the person or persons to be examined. The general rule is that the State, like a corporation, may choose the person or persons by whom it wishes to be examined, subject to the obligation to produce a person with competent knowledge of the facts. (National Reporting v State of New York 46 AD2d 576; Greenfield Constr. Co. v State of New York, 52 AD2d 734.) After the initial examination, a further motion may be made requesting specific persons where it appears that the employees already deposed possessed insufficient knowledge or were otherwise inadequate. (Instructional Tel. Corp. v National Broadcasting Co., 63 AD2d 644.)
An exception to this rule was recognized in principle, however, in National Reporting v State of New York (supra), wherein claimant sought to depose the chairman of the Public Service Commission. Justice Greenblott stated (p 578): "We hold, therefore, that, in the absence of proof that a head of a State department possesses detailed personal knowledge of the facts in issue, the State should be accorded the normal right, in the first instance, to designate its witness.” (Emphasis added.)
Subsequently, in Long Is. Coll. Hosp. v Whalen (55 AD2d 792) plaintiff unsuccessfully argued that the defendant, Commissioner of the New York State Department of Health, possessed detailed personal knowledge of the facts, therefore, entitling plaintiff to depose him initially. The court gave its assent to the reasoning in National Reporting but nevertheless held that plaintiff had made an inadequate showing of special knowledge.
The present case, however, falls squarely within the excep *109 tion delineated by the foregoing authorities. The principal issue in a false arrest case is the presence or absence of probable cause. The crucial facts concern what knowledge, perception and beliefs the officers held prior to the arrest. (People v Santiago, 13 NY2d 326; People v Martin, 52 AD2d 988.) Consequently, the arresting officers are persons possessed of special knowledge. Since their examination is inevitable, the interest of judicial economy would be ill served by postponing their production and potentially necessitating a further motion. Accordingly, the motion is granted.