■ Morris Searight, Respondent, v State of New York et al., Appellants. (Claim No. 61333.)—Appeal from an order of the Court of Claims, entered November 18, 1977, which directed an examination before trial and the production of records for use at said examinations. The Court of Claims directed the examination of a named employee of the State in this negligence action, Corrections Officer B. T. Pasino. This was error. The State has the initial right to select the person or persons whom it will submit for examination (Long Is. Coll. Hosp. v Whalen, 55 AD2d 792; Greenfield Constr. Co. v State of New York, 52 AD2d 734). The plaintiff did not show a sufficient factual basis to avoid the application of this rule. Further, the direction that the State produce for use at the examination before trial all statements, records, reports and other papers is overly broad. Orderly procedure requires that the party first ascertain identifiable items before seeking discovery and inspection (Epstein v Lewis Business Forms, 45 AD2d 705; Ramo v General Motors Corp., Chevrolet Div. of Gen. Motors Corp., 36 AD2d 693; Arett Agencies v Island Garden Center of Queens, 25 AD2d 546). However, the State has not objected to the production of statements made by claimant respecting the incident nor of the medical records of claimant's injuries and treatment arising out of the incident. Also, if claimant during or after the pretrial examination ascertains the existence of further specifically identifiable and relevant documentary evidence, he may move for its production and discovery, if so advised. Finally, the order insofar as it provides for the time and place of the examination of the claimant by the State is error. Neither party requested such relief. Order modified, on the law and the facts, (1) by deleting the first decretal paragraph; (2) by amending the second decretal paragraph to the extent of directing that the State be examined by such employee or employees with knowledge of the incident as the State shall select in the first instance, with leave to the plaintiff, upon a showing that such employee or employees have inadequate knowledge and that a further examination is necessary, to move for the examination of any specific person or persons having adequate knowledge; (3) by further amending the second decretal paragraph to the extent of limiting the direction therein to require that the State shall produce at the pretrial examination only statements made by claimant respecting the incident, if any, and the medical records of claimant's injuries and treatment arising out of the incident; (4) by amending the third decretal paragraph to direct only that the examination before trial be conducted, at a mutually convenient date for counsel within 30 days of the date of this decision at the Clinton Correctional Facility at Dannemora, New York; and, finally, (5) by deleting the fourth decretal paragraph, and, as so modified, affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.