OPINION OF THE COURT
Gerard M. Weisberg, J.
Claimant moves for the deposition of the defendant State of New York “and for all books and records concerning the ownership, operation and maintenance of a certain Civil Defense Safety Sign” identified in the claim as having fallen in a State office building causing personal injuries. (See CPLR 3102, subd [f]; Court of Claims Act, § 17, subd 2.)
Defendant urges that the demand for the books and records is premature on the authority of Rios v Donovan (21 AD2d 409) and Searight v State of New York (69 AD2d 927). The contention is that disclosure of documents must come after an examination before trial.
Those cases and their progeny generally deal with discovery and inspection which is available in a proper case under CPLR 3120. Since the movant has not referred thereto, we deem the request to be under CPLR 3111.
More importantly, those cases are concerned with overly broad and unidentifiable documents or fishing expeditions for material which is arguably privileged.
*432 The court stated in Rios (supra, at p 414): “We do not suggest that under the Civil Practice Law and Rules discovery and inspection can be obtained only after the taking of oral or written depositions. (See 3 Weinstein-KornMiller, N. Y. Civ. Prac., par. 3120.22.) But, under the circumstances of the instant case, such procedure becomes a prerequisite in order properly to identify documents in the possession and control of an adverse party.” (Emphasis supplied.)
In the motion before us there is no claim of privilege, the documents are sufficiently identified and the demand is specific except as to time. The latter has been rectified in the order entered hereon by limiting the period to the two years prior to the incident.
We see no reason in this case for the circuitous procedure of motion and examination followed by a further motion and examination in an era where the Bench and Bar are striving valiantly to economize on time with a view to expeditious disposition of litigation. (Cf. Sharapata v Town of Islip, 82 AD2d 350, 362, quoting from East Asiatic Co. v Corash, 34 AD2d 432.)