OPINION OF THE COURT
Michael L. Pesce, J.
The defendant is charged with violating section 230.40 of the Penal Law, in that he allegedly permitted prostitution to occur at the premises owned by him. A Bench trial was held before this court on August 1 and 4, and decision was reserved pending submission of posttrial motions. After thorough consideration of the evidence adduced at trial, this court makes the following findings:
On March 16, 1983, Police Officer Manuel Rentas, assigned to the Brooklyn South Public Morals Division, was working undercover on Pacific Street in Brooklyn. His assignment was to make contact with, and then arrest, prostitutes who were operating in the area. Officer Rentas was approached by a woman, later identified as Pat Sellers, and the two agreed that Sellers would perform various sexual acts for money. They proceeded to 582 Pacific Street. As they approached, the defendant looked out of the window, in the front door, and then opened it to allow the two to enter. Sellers and Officer Rentas walked to a room designated “number 2”, and, once inside, Rentas placed Sellers under arrest.[1] As Sellers was led from the premises *308 in handcuffs, the defendant was approached by Police Sergeant Poltorak, Rentas’ backup supervisor. During the course of their conversation, the defendant admitted that he did not know Sellers although he had allowed her inside. Poltorak informed the defendant that his premises were being used for prostitution, and that defendant’s failure to take appropriate action could subject him to arrest.
On March 30, 1983, Police Officer Rentas was assigned once again to Pacific Street. He was approached by a woman, later identified as Lydia Robertson, and she, too, agreed to perform sexual acts. In response to his questions, Rentas was told that the price was $20, of which $5 was for the room, located at 582 Pacific Street. As he had done on March 16, Rentas escorted the woman to that address, and the defendant again scrutinized them through the door before allowing them inside. Rentas and Robertson went to that same room number 2, where Robertson was then arrested. Sergeant Poltorak approached the house after Rentas went inside, and detained the defendant as he was attempting to leave. The defendant was then placed under arrest.
In order to sustain a charge of permitting prostitution, the People must prove three elements beyond a reasonable doubt. They must establish the defendant’s: (1) possession or control of the premises, (2) knowledge that the premises are being used for prostitution, and (3) failure to take reasonable steps to curb or halt such use. For the reasons set forth below it is the opinion of this court that the People have met their burden in this case and the defendant is thus found guilty of permitting prostitution.
(a) ownership
The defendant concedes his ownership of the premises located at 582 Pacific Street, in accordance with the People’s introduction into evidence of defendant’s deed to the property.
(b) knowledge
The defendant challenges the statute as impermissibly vague, inasmuch as no specific definition of knowledge is *309 set forth, and asserts that this court must look for guidance to the Real Property Law (§ 231) and to the Public Health Law (§ 2324-a). Both statutes, dealing with civil penalties of foreclosure and injunction, respectively, suggest that two or more convictions for prostitution within one year occurring at one location is presumptive evidence of a violation of the Penal Law. The defendant’s position is that the People have established but one conviction at 582 Pacific Street, and their failure of proof mandates dismissal as a matter of law.
This court disagrees. A presumption raised in the context of a civil proceeding does not set the standard of proof in a criminal case. The inference that prostitution is being permitted (thereby violating Penal Law, § 230.40) may be necessary in a foreclosure proceeding, where the city is seeking to close premises being used for prostitution purposes, and where there may not have been a specific conviction of the owner.[2] A presumption intended to facilitate foreclosures or injunctive relief may not be read into a criminal statute, for it would result in an impermissible shifting of the burden of proof, forcing the defendant into rebuttal. This court, then, will not apply such a standard to limit the People in their method of proving their case.
It is the opinion of this court that the People have proven the element of knowledge beyond a reasonable doubt. The defendant argues that, as far as the People were able to prove, he neither said nor did anything which could be construed as facilitating or acquiescing in any ongoing prostitution, and that the People failed to establish any connection to either Pat Sellers or Lydia Robertson. The evidence, however, belies this contention. In both incidents, the defendant allowed into his home women who he knew were not tenants, accompanied by unidentified men. Defendant stresses that no conversations took place which might have demonstrated knowledge. It seems more unusual to this court that the defendant would allow strangers into his residence without asking questions of them. Given the widespread fear of crime, particularly in the kind of *310 neighborhood Pacific Street is part of, it would be ludicrous to believe that anyone would grant total access to the interior rooms of his home without so much as a question, strongly suggesting that he already knew the purpose of their visit. If he had been totally naive at the time of Pat Sellers’ arrest, he was no longer so after Sergeant Poltorak’s warning. In spite of that, he allowed another “strange” woman into his home a mere two weeks later, as she behaved in an identical manner. It would stretch the limits of credibility to find that the defendant was totally oblivious to the nature of these activities.
(C) FAILURE TO ACT
The last element to be proven was that the defendant, aware of the activity occurring on his premises, failed to take reasonable steps to halt or abate it. He challenges the strength of the People’s case in this regard, arguing that there was no testimony offered to prove that he permitted prostitution to occur between the March 16 and March 30 incidents and none offered to prove that he failed to act. It is the opinion of this court that the People have met their burden with regard to this element as well. That the defendant failed to act to prevent a recurrence of prostitution activity is clearly reflected by his behavior on March 30, at which time he again allowed an unidentified couple to enter his home without explanation. The fact that the People did not have observers stationed outside the premises every day following the arrest of Pat Sellers on March 16 is irrelevant. The law does not require a running count of the number of prostitutes using the premises. Instead, it merely asks for proof that, when presented with a situation where a defendant might have acted to halt prostitution, he failed to do so.
Inasmuch as the People have proven all three elements of the crime charged beyond a reasonable doubt, the defendant herein is found guilty as charged.

. Sellers pleaded guilty “to the docket” at arraignment. The complaint states that her illegal conduct occurred at 582 Pacific Street, but her allocution failed to specify the location.

. In fact, research by this court has showed no cases where the instant Penal Law section was used against a private dwelling. A reading of the cases cited by defendant, including People v Morbel Realty Corp. (87 Misc 2d 989), demonstrates that to date, it was used almost exclusively to close large hotels accommodating prostitutes.