OPINION OF THE COURT
David B. Saxe, J.
Motions numbered 57 and 67 on the calendar of September 16, 1987 are consolidated for disposition.
Nonparty witnesses Grierson, Clark, Moore, Gean, Campanella and Honeywell, Inc. move, pursuant to CPLR 3103, to quash commissions issued by this court on joint application of petitioner and respondent to take their depositions outside the State (cf., CPLR 3108) relative to an arbitration between petitioner and respondent.
*125 Petitioner Textron cross-moves pursuant to CPLR 3124 to compel the discovery.
This is a special proceeding pursuant to CPLR 7502 under an arbitration agreement between Textron and Unisys, which are co-owners of a joint venture known as Sperry Dalmo Victor, Inc. (SDV).
The basis of the arbitration is an agreement between Unisys and Honeywell for the purchase of the assets of one of Unisys’ subsidiaries which would include Unisys’ interest in SDV, the joint venture.
The underlying special proceeding under CPLR 7502 is injunctive in nature, to forestall the transfer of the interest pending the outcome of the arbitration. The parties subsequently stipulated to the stay rendering the relief moot, but a condition of the stipulation was discovery in the nature of issuance of whatever court orders would effect enforcement of the provision of the stipulation, "including orders for the issuance of Commissions directing depositions of non-party witnesses resident outside of New York State.”
The discovery at issue here in the form of depositions of movants and concomitant document production are embraced by the commissions issued by this court as a result of the stipulation.
In a collateral action, Textron has sued Honeywell alleging interference with the contract between the parties to the arbitration controversy (Textron and Unisys) and inducing a fiduciary breach by Unisys damaging Textron. A dismissal motion in that suit has stayed disclosure (CPLR 3214 [b]).
Movants’ application here is advanced on the theory that Textron is engaging in "harassing disclosure” considering the over-all controversy, and the motion relies on the argument that CPLR 3102 (c), in authorizing discovery from a third party in aid of arbitration, requires a showing of "extraordinary circumstances” and Textron has failed in such demonstration.
Movants also point out that such relief is rarely granted by the courts in aid of arbitration according to the principles expressed by the communicators Siegel (NY Prac §§ 352, 597, at 436, 855) and McLaughlin (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7501:l) and in Professor Siegel’s words "for as often as the court will allow it [CPLR 3102 (c)] might as well not be there. It is justifiably held to be inconsistent with the expeditious aims of arbitra *126 tion to allow the time consuming processes of litigation’s pretrial disclosure devices” (Siegel, NY Prac § 597, at 854, citing Katz v Buskin, 3 AD2d 238).
Therefore, it is argued, resort to such aid of the court, when the parties have chosen to expeditiously arbitrate their differences is only appropriate in special circumstances not present here (e.g., MVAIC v McCabe, 19 AD2d 349) and recourse for the relief should be had to the arbitrator.
The argument overlooks the rationale of CPLR 3102 (c) which contemplates a situation where one party to arbitration seeks disclosure of the other party and enlists‘the aid of the court when the other party resists.
That is not the case here. Both parties to the arbitration, by stipulation and joint application, sought the contested disclosure resulting in the commissions here, and the matter is authorized by CPLR 3102 (b) where stipulated disclosure is favored.
Proceeding further in examination of movants’ contentions that no notice was provided, the court finds that none was required since CPLR 3102 (b) is stated in the alternative, "stipulation or on notice” (emphasis added) and the stipulation is conceded (see, Wiseman v American Motors Sales Corp., 103 AD2d 230).
Moreover, movant’s argument that CPLR 3101 (a) (4) has been violated is without merit. The 1984 amendment to CPLR 3101 (a) (4) has dispensed with the necessity of a court order to depose a nonparty witness, such as Honeywell. This section has been liberally interpreted by the courts. The party seeking the examination of a nonparty witness need only show a legitimate basis for the requested examination. (Slabakis v Drizin, 107 AD2d 45.) Textron has demonstrated a legitimate basis for the discovery sought herein.
Movant also objects to Textron’s demand for document production which has been narrowed as follows: (1) documents relating to the allocation of $33,517,000 as the price of Unisys’ SDV shares, (2) documents relating to the extent of competition between Honeywell and Textron and (3) documents concerning Honeywell’s involvement in SDV’s business.
At this juncture the material is relevant to issues of the arbitration and document production is inherently provided for by the commissions which contemplate submission of "exhibits”.
As to the issue of priority of implementation of methods of *127 disclosure, authority exists where necessity dictates, such as the November 15th control cut-off date, to implement alternative ways to effectively secure material (see, e.g., 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.09).
The oral nature of the examination is properly left up to the parties’ perceived requirements (Lane Bryant, Inc. v Cohen, 86 AD2d 805) and the witness’ objection in that regard is not well made.
As to the alleged abuse of the employer’s right to choose the employee to appear at the deposition, the party seeking the deposition has the right in view of special knowledge in the possession of an individual to designate him for examination (Ditredici v State of New York, 98 Misc 2d 107).
Accordingly, the motion for a protective order as made by nonparty witnesses is denied.
Textron’s cross motion for a court order compelling disclosure is denied as premature.