■ SHARON L. DAVIS, Respondent, v GARY A. SOLONDZ, Appellant.—Main, J. Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered June 10, 1985 in Ulster County, which denied defendant's motion for a protective order modifying or vacating plaintiff's discovery and inspection notice.

By a motion for discovery and inspection pursuant to CPLR 3101 (a), plaintiff has made six demands, designated and numbered 1 through 6, upon defendant in this action alleging dental malpractice. We are in accord with, and we affirm, Special Term's disposition of defendant's challenge to demands Nos. 1 through 5, inclusive, for the reasons stated at Special Term.

We likewise affirm Special Term's determination with regard to demand 6 and take this opportunity to comment upon the issue presented by such demand, which requested the following information: "Names and captions of other lawsuits brought against defendant in which there were allegations of unauthorized work performed by defendant." We note that, since this demand requested only the captions of previous suits and not specifics of the treatment afforded any of defendant's patients, disclosure of such information does not violate the privilege of confidentiality of treatment accorded such patients under CPLR 4504 (a) *(see, Hirsch v Catholic Med. Center,* 91 AD2d 1033, 1034). Thus, the issue distills to whether the requested information is "material and necessary" (CPLR 3101 [a]) to the prosecution of this action.

A reading of the complaint reveals that this is not the usual variety of malpractice action where negligence on the part of the doctor is alleged. Rather, this complaint alleges that, while plaintiff was unconscious as a result of the administration of a general anesthesia preparatory to root canal surgery, defendant intentionally, and without plaintiff's previous consent, performed certain unauthorized dental surgical procedures and that, as a direct and proximate result, plaintiff sustained, *inter alia,* loss of a tooth and disfigurement of her mouth and suffers physical pain as well as mental and emotional distress.

Generally, it is improper to prove that a person performed an act on a specific occasion by showing that he performed a similar act on a different, unrelated occasion (Richardson, Evidence §§ 170, 184, at 139-140, 153-154 [Prince 10th ed]).

However, evidence of such similar acts committed in the past is relevant to prove, *inter alia,* intent or the absence of mistake *(Matter of Brandon,* 55 NY2d 206, 211). Thus, where unlawful intent is an issue, evidence of other similar acts would be admissible at trial to negate the existence of an innocent state of mind *(id.),* and would likewise be relevant and, hence, discoverable.

Here, as aforementioned, the complaint charges willfulness on the part of defendant in the allegedly unauthorized dental work performed on plaintiff. Because defendant's unlawful intent is in issue, plaintiff may properly seek the disclosure of the evidence requested by demand No. 6 since any information produced in response thereto would be relevant to the issue of intent and absence of mistake. It should be remembered that "[d]iscovery is not limited to situations where the plaintiff has already established [her] cause of action but is designed precisely for the purpose of enabling the plaintiff to prove [her] case" *(AGH Distrs. v Silvertone Fasteners,* 105 AD2d 648, 649). Such situation is presented here and, in our view, Special Term in no way abused its discretion in ruling as it did *(see, Plattsburgh Distrib. Co. v Hudson Val. Wine Co.,* 108 AD2d 1043, 1044-1045).

Order affirmed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.