■ CASIMER J. DLUGOSZ, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court (White, J.) entered September 26, 1986 in Montgomery County, upon a verdict rendered in favor of defendant.

Plaintiff seeks to recover upon a homeowner's insurance policy issued to him by defendant for the loss of certain personal property, including some jewelry, which plaintiff claims was stolen from his van. Defendant contends that its policy did not cover the jewelry and that no loss occurred. Following a trial, the jury returned a special verdict which found no coverage for the jewelry and that plaintiff had failed to prove that a loss occurred.

On appeal, plaintiff challenges certain rulings made by Supreme Court during trial. Plaintiff first objects to the court's refusal to admit into evidence any portion of the police report concerning the alleged theft of the items from his van. After the court sustained defendant's objection to the entire report as hearsay, plaintiff limited his offer to the portion of the report which stated: "Further investigation revealed left side vent was jimmied, open to gain access". Since there is no indication that the reporting officer conducted the "[f]urther investigation" and observed the condition of the van, and since no hearsay exception is applicable to the statement, the court properly refused to admit the limited offer from the report (see, Turner v Spaide, 108 AD2d 1025, 1026, lv denied 66 NY2d 601).

Next, plaintiff claims error in Supreme Court's admission into evidence of testimony that plaintiff had filed other claims for vandalism or theft of property, several of which were similar to the facts of the instant case. Plaintiff argues that the evidence is irrelevant and immaterial, particularly since most of the claims were paid by the insurers. In its answer, however, defendant alleged as an affirmative defense that plaintiff was guilty of fraud and false swearing in connection with the claim, and in light of plaintiff's admissions concerning his poor financial condition, the evidence of other similar claims was relevant to the issue of plaintiff's intent or motive raised by the affirmative defense (see, Matter of Brandon, 55 NY2d 206, 211; Terpstra v Niagara Fire Ins. Co., 26 NY2d 70, 76). Plaintiff also challenges the court's charge to the jury concerning the evidence of prior similar claims, but as noted above, that evidence was relevant to defendant's claim of fraud or false swearing and the court so charged. On appeal, plaintiff contends that the court should have been more specific in limiting the issues upon which the jury could consider the evidence, but at trial plaintiff voiced only a general objection and made no request that the court be more specific. Accordingly, we see no basis for reversal in the court's charge (see, CPLR 4110-b).

The next ruling challenged by plaintiff concerns Supreme Court's refusal to admit into evidence a "Verification of Lost or Stolen Property" signed by plaintiff, but since the document does not constitute an admission as claimed by plaintiff (*see,* Richardson, Evidence § 209, at 187 [Prince 10th ed]), the court's ruling was correct. Finally, plaintiff contends that he was entitled to a directed verdict on the issues of the existence of a loss and the existence of coverage, but our review of the record establishes that the court properly denied plaintiff's motion. The evidence created issues of fact for the jury, which were resolved in favor of defendant. The judgment should be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Harvey, JJ., concur.