(July 15, 1993)

■ EBISONS HAROUNIAN IMPORTS, INC., Appellant, v TRAVELERS INDEMNITY COMPANY et al., Respondents. TRAVELERS INDEMNITY COMPANY, Third-Party Plaintiff-Respondent, v 30TH STREET ASSOCIATES et al., Third-Party Defendants-Respondents. [600 NYS2d 242] —Order of the Supreme Court, New York County (Carol Huff, J.), entered on May 19, 1992, which granted the motion of defendant-respondent Travelers Indemnity Co. for summary judgment dismissing the complaint, is unanimously reversed, on the law, the motion is denied, and the complaint is reinstated, with costs.

This action involves a claim totalling $323,421 for water damage to a shipment of oriental rugs under a storage rider to a marine transportation insurance policy issued by defendant Travelers Indemnity Co. in 1986. In August 1988, plaintiff requested that a temporary storage indorsement be added to the policy, covering plaintiff's premises. After inspecting the premises and interviewing a principal of plaintiff, Travelers issued the indorsement. On February 29, 1988, and June 21, 1988, two separate claims for water damage to oriental rugs were submitted to carriers other than Travelers. These were not disclosed in the application for the temporary storage indorsement, and Travelers disclaimed coverage based on the nondisclosure of these two prior losses, and the absence of invoices. Plaintiff represented that the invoices were unavailable but that identification tags on each rug state its cost.

On this record, we hold that issues of fact are presented as to the materiality of nondisclosure of the two prior water damage claims which totalled just under $62,000 *(see, Continental Ins. Co. v RLI Ins. Co.,* 161 AD2d 385, 387). The engineer who inspected the premises for Travelers wrote to plaintiff after his visit, "I was pleased to hear that you have had no *major* losses" (emphasis added). Similar reference to "no major losses" appears in the engineer's narrative report.

Also, Travelers' underwriter, Margaret McChesney submitted an affidavit in which she stated that she "would have certainly considered these incidents as material factors affecting the risk and would not have approved the coverage without a thorough investigation of the cause of the leaks and the probability of recurrence, and *may well have* refused to write the risk of water damage at all, or only with a large deductible" (emphasis added).

Factual issues are thus presented as to the materiality of the nondisclosure and the invoice requirement of the policy, and, as to the latter, whether even if found material to the issuance of coverage, it was substantially satisfied by the information contained on the tags to each rug. Concur—Murphy, P. J., Sullivan, Carro, Kupferman and Rubin, JJ.