■ ELECTROVOICE INTERNATIONAL, INC., Appellant, v AMERICAN HOME ASSURANCE COMPANY, Respondent. [624 NYS2d 25] —Judgment, Supreme Court, New York County (Bruce McM. Wright, J., and a jury), entered December 8, 1993, in favor of defendant and against plaintiff dismissing an action on an

insurance policy for property damage, unanimously affirmed, with costs.

Plaintiff's owner having testified that plaintiff's bookkeeper was unavailable to answer the subpoena that defendant had served, the court properly allowed defendant to controvert such evidence by the contradictory testimony of its accountant that he had seen the bookkeeper at plaintiff's premises at or about the time the subpoena was served, since this evidence bore directly on a material fact in dispute (see, Badr v Hogan, 75 NY2d 629, 634-635), namely, plaintiff's fraud in concealing a subpoenaed witness during disclosure who had direct knowledge of plaintiff's inventory. Evidence of other insurance claims was properly admitted as relevant to the issue of motive raised by the affirmative defenses of fraud and false swearing (see, Terpstra v Niagara Fire Ins. Co., 26 NY2d 70, 76), and it was for the trier of fact to determine the materiality of plaintiff's nondisclosure of prior losses in its insurance application (see, Ebisons Harounian Imports v Travelers Indem. Co., 195 AD2d 371). The court properly exercised its discretion in precluding plaintiff's evidence of inventory as measured for a prior claim on the grounds that it was unreliable and would confuse the jury and unreasonably protract the trial. Defendant provided appropriate disclosure regarding its expert (see, Krygier v Airweld, Inc., 176 AD2d 700).

We have considered plaintiff's arguments regarding the court's charge and find them to be without merit. Concur—Sullivan, J. P., Wallach, Asch, Nardelli and Williams, JJ.