■ IRVING ROSENTHAL, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [670 NYS2d 862] —In an action to recover damages for breach of a homeowner's insurance policy, the defendant appeals from a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered April 4, 1997, which, upon a

jury verdict, is in favor of the plaintiff and against it in the principal sum of $29,309.11.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

In this case the plaintiff is seeking to recover, *inter alia*, the value of certain items which were allegedly damaged by a flood in his home. Subsequent to the flood the plaintiff allegedly replaced a number of the items which were then allegedly stolen, along with a number of other items, during a burglary on the night before the defendant's adjusters were to visit the premises.

Many erroneous rulings by the trial court require a new trial. The Supreme Court erred in granting the plaintiff's application to dismiss the defendant's first four affirmative defenses, which were grounded in fraud, and in denying its application to replead them. Pleadings may be freely amended at the Supreme Court's discretion during or even after trial so long as no undue prejudice results (*see, Rothstein v City Univ.*, 194 AD2d 533). In deciding whether to grant an application to amend pleadings, the Supreme Court should consider such factors as the delay in moving, surprise, and significant prejudice, the latter being the foremost consideration (*see, Murray v City of New York*, 43 NY2d 400). Here, the plaintiff would not have suffered any prejudice by the Supreme Court's allowing the defendant to replead the affirmative defenses, since the defendant's theory of the case was always that the fraud provision of the insurance policy it issued to the plaintiff had been violated. Moreover, since the affirmative defenses were included in the original answer, served on April 13, 1994, the plaintiff should not have waited until the eve of trial to move to dismiss these defenses. Further, there was ample proof adduced at trial that the plaintiff may have violated the fraud provision of the policy.

The Supreme Court also erred in permitting the plaintiff's witnesses to testify that they had been told that four other burglaries allegedly occurred in the plaintiff's neighborhood on the night that the plaintiff's house was burglarized, since such testimony constituted inadmissible hearsay (*see, Sadowsky v Chat Noir, Inc.*, 64 AD2d 697). The admission into evidence of a printout of the defendant's computer diary was also improper, since this document contained double hearsay, i.e., information regarding what the burglary victim told the police, and then what the police in turn told the defendant's representative.

Moreover, the plaintiff's "contents listing", which contained the values for the items allegedly damaged by the flood, was inadmissible under the business record exception to the

hearsay rule since the plaintiff failed to lay a proper foundation for its admission (*see,* CPLR 4518 [a]; *Matter of Centennial Ins. Co. v Capeheart,* 220 AD2d 499).

Additionally, the evidence adduced regarding the value of the "CP-31" photograph processor as well as the appraisal for a diamond ring constituted inadmissible hearsay, and accordingly, was insufficient proof of the value of these items (*see, Premium Channels Publ. Co. v Rolls Royce-Motors,* 172 AD2d 160).

The Supreme Court also erred in permitting the plaintiff to elicit testimony that he had not been charged with filing a false police report in connection with the burglary claim (*see, Mena v New York City Tr. Auth.,* 238 AD2d 159; *Franco v Zingarelli,* 72 AD2d 211; *Massey v Meurer,* 25 AD2d 729).

Finally, the Supreme Court erred by precluding the defendant from cross-examining the plaintiff regarding his prior insurance claims. The defendant here alleged fraud and false swearing as an affirmative defense and the plaintiff's prior claims are relevant on the issue of his motive or intent (*see, Electrovoice Intl. v American Home Assur. Co.,* 213 AD2d 272, 273; *Dlugosz v New York Cent. Mut. Fire Ins. Co.,* 132 AD2d 903, 904). Pizzuto, J. P., Santucci, Joy and Friedmann, JJ., concur.