■ PAUL J. CASTRACANE, Appellant, v MEGHAN M. CAMPBELL et al., Respondents. [751 NYS2d 121] —Spain, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered May 15, 2001 in Albany County, upon a verdict rendered in favor of defendants.

Plaintiff commenced this negligence action to recover for injuries allegedly sustained when the bicycle he was riding was struck by a vehicle operated by defendant Meghan M. Campbell (hereinafter defendant) and owned by her father, defendant V.P. Campbell Jr. Following a trial where the relevant events were disputed, a jury returned a verdict in favor of defendants. Supreme Court denied plaintiff's subsequent motion to set aside the verdict and judgment was entered. Plaintiff appeals, and we affirm.

In 1998, plaintiff was romantically involved with defendant's sister, Erin Mislak. At trial, Mislak testified that by May 1998

there were problems in their relationship, that in early July 1998 she told plaintiff she wanted to end the relationship, and that she ultimately did end it sometime in November of that year. According to the trial testimony of Mislak and other witnesses, prior to July 13, 1998, plaintiff had engaged in harassing behavior against Mislak such as repeatedly calling her home, preventing Mislak from leaving by standing in front of or in back of her car or sitting on the hood of her car and, on one occasion, causing a scene by sobbing and yelling in her parents' front yard. Plaintiff denied most of this conduct at trial, as well as the fact that Mislak told plaintiff that she wanted to break off their relationship in early July.

According to defendant, on July 13, 1998, defendant and Mislak were in their father's vehicle on Verner Road in the Town of Colonie, Albany County, proceeding toward Route 9, when she saw plaintiff from approximately 100 feet away riding his bicycle along the side of the road. Defendant testified that, when her car was only 5 to 10 feet away, plaintiff began to cross the road while yelling, "Erin, stop," at which point defendant braked and swerved to miss him, unsure whether the car made any contact with him or the bicycle. In contrast, plaintiff testified that he had started to cross the road when defendant's vehicle was 100 feet away and it struck him and ran over both of his feet without slowing down.

On appeal, plaintiff argues that Supreme Court erred in permitting testimony regarding his prior, harassing conduct, requiring a new trial. "A general rule of evidence, applicable in both civil and criminal cases, is that it is improper to prove that a person did an act on a particular occasion by showing that he [or she] did a similar act on a different, unrelated occasion" (*Matter of Brandon*, 55 NY2d 206, 210-211 [citation omitted]). "However, evidence of such similar acts committed in the past is relevant to prove, inter alia, intent or the absence of mistake" (*Davis v Solondz*, 122 AD2d 401, 402 [citation omitted]). Here, the evidence of plaintiff's prior harassing behavior is relevant to support defendants' theory that plaintiff intentionally put himself in harm's way, and was thus admissible to demonstrate his intent and motive (*see Dlugosz v New York Cent. Mut. Fire Ins. Co.*, 132 AD2d 903, 904, *lv denied* 70 NY2d 612; *Davis v Solondz, supra*). Our review of the record, moreover, indicates that the court carefully balanced the probative value of the evidence of plaintiff's prior conduct as it pertained to the defense position that plaintiff intentionally darted out in front of the vehicle, against the potential prejudice to plaintiff, disallowing certain testimony and appropri-

ately limiting the permitted testimony where necessary. Accordingly, we find no abuse of the court's discretion in this regard.

Next, plaintiff asserts that Supreme Court erred in permitting a witness to testify because, while he was informed of the name of the witness prior to trial, he was not provided with the address of the witness. We disagree. The record is devoid of any suggestion that the information was deliberately withheld or of any resulting prejudice (*see Alber v State of New York*, 252 AD2d 856, 857; *Ashline v Kestner Engrs.*, 219 AD2d 788, 790-791). Moreover, the court questioned the witness prior to his testimony and found that the witness had known plaintiff before the accident, had been in contact with plaintiff a month prior to trial and plaintiff knew where he worked and had contacted him by phone at his workplace. Because plaintiff knew the witness as well as his whereabouts, no resulting prejudice exists (*see Alber v State of New York, supra*).

Next, given the trial evidence supporting the defense theory that plaintiff intentionally moved out in front of the vehicle in an attempt to stop it, we find no error in Supreme Court's decision to instruct the jury on the emergency doctrine (*see* PJI3d 2:14 [2002]; *see also Caristo v Sanzone*, 96 NY2d 172, 175) and implied assumption of risk (*see* PJI3d 2:55 [2002]; *see also Arbegast v Board of Educ. of S. New Berlin Cent. School*, 65 NY2d 161, 171; *McCabe v Easter*, 128 AD2d 257, 258).

Finally, we are unable to conclude that the jury's determination—based, as it necessarily was, on its assessment of the credibility of the witnesses who offered widely conflicting versions of the events—cannot be supported by any fair interpretation of the evidence. Accordingly, the verdict should not be disturbed (*see Gem Jewelers v Dykman*, 160 AD2d 1069, 1070; *Le Bel v Airlines Limousine Serv.*, 92 AD2d 996, 997-998).

We have considered plaintiff's remaining contentions and find they are unpersuasive.

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.