Order, Supreme Court, New York County (Geoffrey D. Wright, J. ), entered on or about September 26, 2012, which granted petitioner Christie’s Inc.’s motion for a protective order quashing respondent’s subpoena, unanimously affirmed, with costs.
This matter concerns an out-of-state subpoena issued by respondent seeking documents for use in his California civil action against Rudy Kurniawan, alleging the fraudulent sale of counterfeit wine in 2005 and 2006 through another auction house, not Christie’s.
The motion court correctly held, and respondent does not dispute, that the original subpoena was overbroad. Although the motion court failed to analyze the narrowed subpoena, which sought three rather than the nine original categories of information, we find, in analyzing the subpoena even as narrowed, that the subpoena was properly quashed (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]).
The first two categories in the narrowed subpoena sought information relating to wines sold at Christie’s auctions in April 2007, and September, October, and November 2009. The requests relating to the 2009 auctions exceed the time limits imposed by the court overseeing the California action, which limited discovery from Kurniawan and a third party to documents generated between April 1, 2003 to December 31, 2008. Even assuming that the requested information regarding the April 2007 auction is relevant to the California action (see e.g. *652 Davis v Solondz, 122 AD2d 401, 402 [3d Dept 1986]), that request is duplicative of respondent’s request in a November 2009 subpoena served on Christie’s. Christie’s produced documents in connection with that request, and respondent did not raise any timely objections (Matter of Smith v Smith, 26 AD2d 922, 922-923 [1st Dept 1966]).
Contrary to respondent’s contentions, the third category of documents, which seeks information relevant to specified paragraphs of the federal criminal complaint filed against Kurniawan, does not relate to similar acts. Those paragraphs relate to Kurniawan’s alleged fraudulent sale of encumbered wine, not counterfeit wine, as alleged in respondent’s California action. As the motion court concluded, given that this request for information has no relevance to prosecution of the California action, it would appear to be an improper “fishing expedition to ascertain the existence of evidence” for use in an attempt to revive a dismissed federal claim against Christie’s (Law Firm of Ravi Batra, P.C. v Rabinowich, 77 AD3d 532, 533 [1st Dept 2010]). Concur — Mazzarelli, J.P., Renwick, DeGrasse, Feinman and Gische, JJ.