Canella Gomez, Appellant,
against
Southwest Airlines, Respondent.




Canella Gomez, appellant pro se.
Ryan, Brennan & Donnelly, LLP (John Brennan, Esq.), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Noach Dear, J.), entered November 16, 2015. The judgment, insofar as appealed from as limited by the brief, entered upon a decision of the same court dated October 20, 2015, after a nonjury trial, awarded defendant, on its counterclaim, the principal sum of $2,504.67, and $10,409.54 in attorney's fees.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated October 20, 2015 is deemed a premature notice of appeal from the judgment entered November 16, 2015 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment, insofar as appealed from, is reversed, without costs, so much of the counterclaim as sought an award of attorney's fees is dismissed, and the matter is remitted to the Civil Court for a new trial on the remainder of the counterclaim, limited to the issue of damages.
Plaintiff commenced this action seeking to recover the sum of $8,000, representing the alleged value of the contents of checked baggage allegedly lost by defendant on September 29, 2014, upon plaintiff's flight from New York City to Orlando, Florida. Defendant interposed a counterclaim, alleging that plaintiff had falsely and fraudulently filed a claim stating that his baggage had been "lost, stolen or disregarded" and that defendant, in reliance upon that statement, had issued plaintiff checks and/or incurred costs and expenses which it might not have, had it known the truth of the matter. Defendant sought damages in the sum of $2,504.67, representing the amount it had allegedly paid to plaintiff, plus interest, costs, disbursements and attorney's fees.
At a nonjury trial, defendant's witness, a team leader for defendant's central package services, testified that plaintiff had overstated the value of the contents of his allegedly lost luggage, noting that plaintiff had provided receipts in the sum of $9,077.83 for multiple items of clothing (e.g., eight pairs of pants, eight hats, four jackets, five pairs of sneakers, four pairs of boots, among other items), notwithstanding the fact that his stay in Florida was for less than two full days. Moreover, the witness provided evidence showing that some of the same receipts had [*2]been used by another person who had allegedly flown to Las Vegas with plaintiff's son in order to substantiate a claim for lost property against United Airlines. Furthermore, plaintiff had filed prior lost property claims with other airlines and with United Parcel Service. In a decision after trial dated October 20, 2015, the Civil Court found in favor of defendant on both plaintiff's claim and defendant's counterclaim, and stated that the evidence supported a finding that plaintiff had engaged in "a pattern of asserting fraudulent claims and filing frivolous lawsuits." 
A judgment was subsequently entered on November 16, 2015, implicitly dismissing the complaint and awarding defendant, on its counterclaim, the principal sum of $2,504.67, and $10,409.54 in attorney's fees. Plaintiff's notice of appeal from the October 20, 2015 decision is deemed a premature notice of appeal from the judgment entered November 16, 2015 (see CPLR 5520 [c]). As limited by the brief, the appeal is from so much of the judgment as awarded defendant, on its counterclaim, the principal sum of $2,504.67, and $10,409.54 in attorney's fees.
Contrary to plaintiff's contention, the evidence at trial was sufficient to support a finding of liability on the part of plaintiff. While it is generally improper "to prove that a person did an act on a particular occasion by showing that he [or she] did a similar act on a different, unrelated occasion" (Matter of Brandon, 55 NY2d 206, 210-211 [1982] [citation omitted]), evidence of similar acts committed in the past may be "relevant to prove, inter alia, intent or the absence of mistake" (Davis v Solondz, 122 AD2d 401, 402 [1986] [citation omitted]). Here, in view of defendant's claim of fraud, the evidence of plaintiff's submission of prior lost property claims was relevant on the issue of his motive or intent (see Dlugosz v New York Cent. Mut. Fire Ins. Co., 132 AD2d 903, 904 [1987]; see also Rosenthal v Allstate Ins. Co., 248 AD2d 455 [1998]; Electrovoice Intl. v American Home Assur. Co., 213 AD2d 272, 273 [1995]).
However, although the Civil Court awarded defendant $2,504.67 in damages on its counterclaim, the settled record contains no documentary evidence to show that that sum had actually been paid to plaintiff. In the absence of any evidence in the record to support the monetary award, a new trial on the counterclaim is warranted limited to the issue of damages.
In general, attorney's fees are not recoverable by a prevailing party unless authorized by agreement of the parties, court rule or a statutory or contractual provision for allowance of such fees (see Chapel v Mitchell, 84 NY2d 345 [1994]; Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]) and, where a party seeks damages for fraud, ordinarily that party may not recover attorney's fees (see 60A NY Jur 2d, Fraud and Deceit § 284). As defendant did not demonstrate that it was authorized to recover attorney's fees, the Civil Court erred in making such an award, and so much of the counterclaim as sought an award of attorney's fees is dismissed. We note that in certain cases, where fraud has been demonstrated, punitive damages may be awarded if it is determined that the defendant's conduct was sufficiently egregious to warrant such relief (see 60A NY Jur 2d, Fraud and Deceit § 286).
Accordingly, the judgment, insofar as appealed from, is reversed, so much of the counterclaim as sought an award of attorney's fees is dismissed, and the matter is remitted to the Civil Court for a new trial on the remainder of the counterclaim, limited to the issue of damages.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 14, 2017