Onilude v City of New York (2019 NY Slip Op 08925)





Onilude v City of New York


2019 NY Slip Op 08925


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Gische J.P., Mazzarelli, Gesmer, Moulton, JJ.


309622/09 -10540B 10540A 10540

[*1] Tokunbo Onilude, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Diana Lawless of counsel), for appellants.
Sivin & Miller, LLP, New York (Edward Sivin of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about April 6, 2018, upon a jury verdict, in favor of plaintiff, and judgment, same court and Justice, entered on or about January 14, 2019, awarding plaintiff attorneys' fees, unanimously reversed, on the law and the facts, the judgments vacated, and the matter remanded for a new trial before a different judge. Appeal from order, same court and Justice, entered on or about January 9, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the April 6, 2018 judgment.
The trial court improvidently exercised its discretion in precluding testimony from the witness who identified plaintiff to the police as an individual she had seen fleeing the scene of a crime. Defendants satisfied their discovery obligation by providing the witness's last known address and telephone number during discovery, more than four years before trial. Thus, there could have been no surprise or prejudice warranting the preclusion (see Castracane v Campbell, 300 AD2d 704, 706 [3d Dept 2002]; see also Palomo v 175th St. Realty Corp., 101 AD3d 579 [1st Dept 2012]). While the witness subsequently moved, she declined to disclose her new address to any parties to the suit, a factor defendants could not control (see Todres v W7879, LLC, 137 AD3d 597 [1st Dept 2016], lv denied 28 NY3d 910 [2016]). As defendants did not know her new address, they had no obligation under CPLR 3101(h). Nor should defendants have been sanctioned for the fact that the witness did not wish to discuss the case with plaintiff's counsel when counsel called her. Notably, plaintiff's counsel did not attempt to contact the witness until two months before trial and did not attempt to obtain a nonparty deposition of the witness during discovery. Defendant offered to have the witness further confirm these facts, under oath and outside the presence of the jury. Under these circumstances, the trial court improvidently exercised its discretion in ordering a hearing at which defendants' trial attorney would be subject to questioning by plaintiff's trial attorney, and precluding the witness's testimony when defense counsel declined to participate in such a hearing. Given that the witness would have offered highly relevant and non-cumulative trial testimony, the error was not harmless (see Cotter v Mercedes-Benz Manhattan, 108 AD2d 173, 179 [1st Dept 1985]; Kajoshaj v Greenspan, 88 AD2d 538 [1st Dept 1982]).
It was error to include on the special verdict sheet a questions as to a wrongful stop (Terry v Ohio, 392 US 1 [1968]), because there was no charge given instructing the jury on the legal standard that must be applied in resolving those claims. The jury was never told that a stop is improper if the detaining officer does not have "reasonable suspicion" that the detainee committed a crime, which is less demanding than the "probable cause" standard applicable to the malicious prosecution claims (see Grace v McVeigh 873 F3d 162 [2nd Cir 2017], see Agront v City of New York, 294 AD2d 189 [1st Dept 2002]). That the jury sent a note requesting clarification on the question indicated its awareness of the lack of guidance (see Srikishun v [*2]Edye, 137 AD3d 1 [1st Dept 2016]). As the special verdict sheet provided for a single lump sum award for damages arising from all claims, except punitive damages, the error was not harmless (see Booth v Penney Co., 169 AD2d 663 [1st Dept 1991]). It was error to allow testimony and commentary throughout the trial on plaintiff's innocence, particularly by plaintiff's criminal defense attorney, whose extensive testimony was prejudicial.
Defendants correctly point out that the question of guilt or innocence is not relevant to a claim of false arrest or malicious prosecution and that the relevant inquiry is whether there was probable cause (see Cheeks v City of New York, 123 AD3d 532, 544-545 [1st Dept 2014]). While the trial court's failure to address this would have been harmless error on its own, the cumulative effect of this error and the other errors requires reversal.
Given our determination that the judgment must be vacated and a new trial held, we do not reach the issue of whether the damages were excessive.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK